STATE OF NEW JERSEY, BUREAU OF ESCHEATS, PLAIN-
TIFF-APPELLANT, v. NEW JERSEY NATIONAL BANK
AND TRUST CO., A CORPORATION ORGANIZED UNDER
THE LAWS OF THE UNITED STATES, DEFENDANT-
RESPONDENT.

Argued November 8, 1972—Decided December 18, 1972.

*Mr. Stephen Skillman,* Assistant Attorney General, argued the cause for the appellant (*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney; *Mr. Robert W. Dempsey,* Deputy Attorney General, on the brief).

*Mr. Stephen C. Carton* argued the cause for the respondent (*Messrs. Carton, Nary, Witt & Arvanitis,* attorneys).

The opinion of the Court was delivered by

JACOBS, J. The Chancery Division held that in an absolute escheat action (*N. J. S. A.* 2A:37–1 to *N. J. S. A.* 2A:37–28) the State could escheat original shares of the defendant corporation which had remained unclaimed for at least 14 successive years, together with such additional shares as had resulted from stock splits or replacements; it further held, however, that the dividends on the original shares (including cash dividends, stock dividends, and cash in lieu of stock dividends) which had been declared within the 14-year period preceding the institution of the escheat action could not as yet be escheated by the State. 117 *N. J. Super.* 38, 40–51 (1971). The State appealed from the latter adverse holding and we certified while its appeal was pending in the Appellate Division.

The facts are undisputed and were stipulated by the parties. The original shares remained unclaimed for more than 14 years prior to the escheat action and the whereabouts of the owners remained unknown during that period. The respondent bank was unable to locate them either at their last known addresses or elsewhere. Apart from certain claims which were made and honored during the course of the escheat proceeding (117 *N. J. Super.* at 41), there have been no claims to the original shares or the dividends thereon. In its answer the respondent bank joined in the State's request

that not only the original shares but also the dividends thereon be escheated in this proceeding. In rejecting this request, the Chancery Division adhered to *State v. United States Steel Corp.,* 12 *N. J.* 38 (1953). That was a decision by this Court in which three members dissented; the Attorney General now urges that it be overruled. *Cf. State v. Fidelity Union Trust Co.,* 25 *N. J.* 387, 404 (1957) (concurring opinion).

In *United States Steel* the majority of four, while recognizing the policy favoring the escheat of property where the whereabouts of its owner have remained "unknown for a period of 14 years" (12 *N. J.* at 48), construed the legislative terms as permitting the escheat of stock unclaimed for 14 years but as not permitting the escheat of the dividends thereon until they independently have remained unclaimed for 14 years. 12 *N. J.* at 48. In reaching its conclusion the majority cited *N. J. S. A.* 2:53–17 and 2:53–15—now *N. J. S. A.* 2A:37–13 and 2A:37–11. The former provision (*N. J. S. A.* 2A:37–13) sets forth that whenever the owner remains unknown for 14 years, or his whereabouts remain unknown for that period, or whenever any personal property remains unclaimed for that period, then the property shall escheat to the State. The latter provision (*N. J. S. A.* 2A:37–11) embodies the pertinent statutory definition; it provides that personal property shall be taken to include, *inter alia,* stocks, bonds, deposits, machinery, farm crops, livestock, fixtures, "and every other kind of tangible or intangible property and the accretions thereon, up until the time of the commencement of the action for escheat."

In his dissent for the minority in *United States Steel,* Justice Brennan construed the same cited statutory provisions as permitting the escheat of the accrued dividends along with the escheat of the stock. After noting that dividends were accretions within the statutory contemplation and that, if possible, effect should be given to all of the words in the statute, he said: "That can readily be

done here by reading the statute as it is clear to me the Legislature intended it to be read, that is, as saying that 'stocks, bonds, deposits, machinery, farm crops, livestock, fixtures and every other kind of tangible or intangible property' shall be escheatable if unclaimed for the period of 14 successive years, in which case, not the property alone, but as well 'the accretions thereon' in existence at 'the time of the filing of the bill of escheat,' and without regard to the time when such accretions came into existence, are to be escheated with and as part of the property." 12 *N. J.* at 49–50. In furtherance of this approach, he made pointed reference to the practicalities of the situation:

The impractical consequences which result under the majority's interpretation are illustrated by what is happening in this case. The stock goes over to the State under the judgment. Dividends declared as long ago as 1901 were unclaimed upon some of it. But only the dividends declared to 1934 escheat under the judgment. Those declared and unclaimed from 1934 to the time of the filing of the bill of escheat in 1948 remain with the custodian. The State and the parties must be put to the expense of further litigation (the State must decide whether to bring one action after the 14 years have elapsed as to the dividend last declared, or to bring several as the time runs as to one or some of them), and to what purpose? None suggests itself. In the absence of a very plainly indicated legislative intent to bring about this undesirable result we should not interpret the statute to produce it. I am convinced that not only is such intention not to be found in the language of the statute but that on the contrary the Legislature has plainly evinced its desire to avoid it. 12 *N. J.* at 50.

In his attack on *United States Steel* the Attorney General notes that it continues to be binding on our trial judges and "continues to impose an undue administrative burden on the state in escheat proceedings as well as to delay the receipt of escheatable property." Since the present membership of this Court subscribes fully to the views expressed in the minority's dissenting opinion, there would appear to be no sound basis for not freeing our trial judges from the majority's highly restrictive interpretation; accordingly the decision in *State v. United States Steel*

*Corp., supra,* 12 *N. J.* 38, is now overruled. This result was foreshadowed by our earlier departure from the majority's interpretative statements in *United States Steel* that escheats are "not favored by the law" and that any doubt as to whether property is subject to escheat is to be "resolved against the State." 12 *N. J.* at 47. While those statements may have validity where the issue is between the owner-claimant and the State, they have no validity where, as here, the issue is between the stakeholder and the State. See *State v. Atlantic City Electric Co.,* 23 *N. J.* 259, 272 (1957) (dissenting opinion); *State v. United States Steel Corp.,* 22 *N. J.* 341, 355 (1956); *State v. Sperry & Hutchinson Co.,* 23 *N. J.* 38, 43 (1956).

In *J. C. Chap. Prop. Owner's, etc., Assoc. v. City Council,* 55 *N. J.* 86 (1969), we recently had occasion to reiterate that matters of statutory construction do not generally turn on the so-called formal rules of interpretation but turn instead "on the breadth of the objectives of the legislation and the commonsense of the situation." 55 *N. J.* at 100. Here the sweep of the legislative objective is evident; the Legislature broadly provided that personal property is escheatable whenever the owner or his whereabouts are unknown for 14 years or the property is unclaimed for that period (*N. J. S. A.* 2A:37–13); and it commonsensibly indicated that accretions up until the start of the escheat action shall be escheatable along with the property to which it has accreted (*N. J. S. A.* 2A:37–11).

██ Applying the foregoing to the case at hand, it was clearly within the legislative contemplation that the original shares, which had remained unclaimed for 14 years and whose owners' whereabouts had remained unknown for that period, be escheatable forthwith, along with all of the dividends thereon up until the institution of the escheat action. The impeding decision in *United States Steel, supra,* 12 *N. J.* 38, did not truly effectuate the legislative purposes implicit in the terms of *N. J. S. A.* 2A:37–1 *et seq.* and the legislative silence thereafter may not fairly be

taken to represent approval or ratification of it by the Legislature. See *Breen v. Peck,* 28 *N. J.* 351, 365 (1958); *cf. J. C. Chap. Prop. Owner's, etc., Assoc. v. City Council, supra,* 55 *N. J.* at 95; *Board of Ed., Borough of Union Beach v. N. J. E. A., et al.,* 53 *N. J.* 29, 48 (1968); *see also Arrow Builders Supply Corp. v. Hudson Terrace Apts., Inc.,* 15 *N. J.* 418, 426, *rehearing denied,* 16 *N. J.* 47 (1954); *Pennsylvania Reading S. S. Lines v. Board of Pub. Utility Com'rs,* 5 *N. J.* 114, 122, *cert. denied, Brotherhood of R. R. Trainmen v. Pennsylvania Reading S.S. Lines,* 340 *U. S.* 876, 71 S. Ct. 122, 95 *L. Ed.* 637 (1950).

The judgment of the Chancery Division insofar as it failed to escheat the dividends on the escheated original shares is hereby:

Reversed.

*For reversal*—Chief Justice WEINTRAUB, Justices JACOBS, HALL and MOUNTAIN and Judges CONFORD and SULLIVAN—6.

*For affirmance*—None.