In the Matter of CALAMITY JANE'S, INC., Debtor.

Bankruptcy No. 81–04668.

United States Bankruptcy Court, D. New Jersey.

April 29, 1982.

Shashaty & Lalomia by James M. Shashaty, Paterson, N. J., for applicant.

Kleinberg, Moroney, Masterson & Schachter by Walter J. Greenhalgh, Millburn, N. J., for debtor.

Lehman & Wasserman by Robert Wasserman, Millburn, N. J., trustee.

Hugh M. Leonard, Paterson, N. J., U. S. trustee.

## OPINION

VINCENT J. COMMISA, Bankruptcy Judge.

This matter is before the Court upon the application of the debtor seeking an order discharging the present attorneys for the debtor and substituting in their stead the firm of Shashaty & Lalomia, Esqs.

The relevant facts are as follows:

On August 7, 1981, the debtor, Calamity Jane's Inc., (hereafter Calamity) filed a petition for arrangement under Chapter XI of the Bankruptcy Code.

Thereafter on August 11, 1981, the law firm of Kleinberg, Moroney, Masterson & Schachter, Esqs., (hereafter Kleinberg) were authorized to act as the attorneys for the debtor-in-possession.

At the time the petition was filed and at the time Kleinberg was authorized to act as attorneys for the debtor, one Donald L. Rothard owned fifty-one (51%) per cent of the authorized issued shares of stock of the debtor corporation. The remaining forty-nine (49%) per cent was owned by his former wife Katharine K. Rothard.

Said Katharine K. Rothard contends that since October 3, 1981, she has at all times to the present date been the owner of one hundred (100%) per cent of the shares of stock of the debtor corporation and on November 13, 1981 as sole stockholder caused a meeting of the corporation's directors and thereupon adopted a resolution seeking approval of this Court to substitute Shashaty & Lalomia, Esqs. for the Kleinberg firm as attorneys for the debtor-in-possession.

Katharine K. Rothard contends that the above noted transfer of ownership in the shares of stock of the corporation was made pursuant to an order entered on October 2, 1981 by the Superior Court of New Jersey, Chancery Division, Passaic County in an action entitled *Rothard v. Rothard*, Docket No. M–8314–76.

The divorce action instituted by said Katharine K. Rothard culminated in a final judgment of divorce which was entered on January 8, 1979.

The divorce judgment provided that Calamity, the present debtor corporation, had a value of $358,000.00 which was to be distributed fifty (50%) per cent to each of the then divorced parties. The order further provided that Donald Rothard was to be permitted to retain the debtor corporation and continue its business and he was to pay said Katharine K. Rothard the sum of $179,000.00 for all of her right, title and interest in and to the business. It was provided in the judgment that in consideration for Katharine K. Rothard assigning to Donald Rothard all of her stock interests in the corporation, she was to receive a note and mortgage in the total sum of $179,-000.00 with terms for payment of same as follows. The sum of $79,000.00 was to be paid on or before April 1, 1979 and the balance of $100,000.00 was to be paid in 45 equal semi-annual payments commencing October 1, 1979. The mortgage was against all corporate assets of Calamity and was executed by Donald Rothard as President of Calamity and also in his personal capacity.

The divorce judgment also provided that all of the issued and outstanding stock of the corporation would be held by a named escrow agent until such time as said Katharine K. Rothard was paid the principal and interest in full. Donald Rothard was to deliver to and did deliver to the escrow agent an assignment of all of his stock in Calamity together with a resignation of any and all offices or directorships held in Calamity. The judgment further provided that in the event of a default of more than thirty (30) days by Donald Rothard on any of the payments due his former wife, the escrow agent would turn over to said Katharine K. Rothard all of the stock, the stock assignments and resignations to her so she might secure and take charge of Calamity's assets.

Donald Rothard defaulted in making said required payments and Katharine K. Rothard sought relief in the Superior Court of New Jersey, Chancery Division, Passaic County which entered on September 8, 1981 an order which provided as follows:

" * * * ORDERED, that any common or other stock owned by (Donald Rothard) in Calamity Jane's, Inc., a New Jersey Corporation, or any other ownership interest is hereby cancelled and declared null and void, effective immediately, and such stock and ownership interest shall be deemed transferred to the plaintiff, . . ."

The Kleinberg firm in opposing the present application contends that the September 8, 1981 order of the Superior Court of New Jersey is null and void as it is in violation of Section 362 of the Bankruptcy Code which prohibits any action against the debtor's property which would interfere with the Chapter XI rehabilitative process.

The issue to be determined is whether the automatic stay provisions of Section 362 apply to a transaction involving ownership of stock in a debtor corporation.

The shares of stock in a corporation are property of the individual stockholders and not the property of a corporation. A shareholder's rights are the personal right to attend meetings, to vote and a property right to share in the dividends of a corporation and the distribution of its assets, *State v. New Jersey National Bank & Trust Co.*, 117 N.J.Super. 38, 283 A.2d 543 (Ch.1971) *rev. in part*, 62 N.J. 50, 298 A.2d 65.

A corporation has no property interest in the shares of its stock owned by its stockholders, *In re Texas Consumer Finance Corporation*, 480 F.2d 1261, 1266 (5th Cir. 1973); *Journal-News Corp.* 193 F.2d 492 (2d Cir. 1951).

While a Chapter XI proceeding under the Code may affect the rights of holders of shares of stock, it does not necessarily follow that the corporation has a property interest in the shares of stock to a degree that a holder of shares may not convey same to a different party. Where a public corporation is involved to invoke Section 362 automatic stay provisions to prevent the sale of stock would create chaos. Where a closely held corporation is concerned, it might be said that the interests of the corporation may be affected by the transfer of ownership of stock but that situation does not call for the invocation of a Section 362 automatic stay as the shares of stock involved are not property of the debtor. The Code provides other remedies to deal with transfers of stock in a closely held non-public corporation where such a transfer would adversely affect the rehabilitative process.

Here the state court action complained of was an "application for relief in aid of litigant's rights" brought pursuant to the matrimonial proceeding of *Rothard v. Rothard*. The defendant in the proceedings was not the debtor corporation but was Donald L. Rothard, individually. Since this Court is not pursuaded that creditors' interests or the debtor's property is in any way affected, it will grant the application to substitute Shashaty & Lalomia, Esqs. for the Kleinberg firm as attorneys for the debtor-in-possession.