Frederick J. WILLIAMS, Plaintiff,

v.

James W. BUTTERFIELD, District Direc-tor of Immigration and Naturaliza-tion at Detroit, Michigan, Defendant.

Civ. A. No. 13973.

United States District Court
E. D. Michigan, S. D.

Oct. 17, 1956.

Goodman, Crockett, Eden & Robb, Geo. W. Crockett, Jr., Detroit, Mich., for plaintiff.

Fred W. Kaess, U. S. Atty., Dwight K. Hamborsky, Ass't U. S. Atty., Detroit, Mich., for defendant.

THORNTON, District Judge.

The matter before the Court is a review of an Order of Deportation wherein the only question involved is whether the administrative finding of alienage is one which this Court may set aside.

Plaintiff was arrested pursuant to a warrant issued by defendant in May of 1954 for purposes of deportation proceedings against him. Plaintiff was alleged to be an alien affiliated with the Communist Party of the United States and subject to deportation. An administrative hearing was held in June of 1954 before a Special Inquiry Officer of the United States Immigration Service, and as a result an Order of Deportation issued. Plaintiff took an appeal to the Board of Immigration Appeals in Washington, D. C., which appeal was dismissed in August of 1954. In December of 1954 plaintiff filed his complaint in, this court asking, that judgment be entered setting aside the Order of Deportation, that a permanent injunction issue restraining defendant from deporting, or attempting to deport plaintiff, pursuant to the Order of Deportation, and also that a temporary injunction of like nature issue pending final determination of this action.

The sole issue here is the competency of the evidence adduced at the administrative hearing, plaintiff contending that it was not competent for the purpose of the finding of alienage, and defendant claiming that it was. The evidence in question consists of a series of records which we list herewith:

Exhibit 4—A record of marriage in Great Britain on June 10, 1904, between Owen Trevor Williams and Edith Hughes.

Exhibit 8—A record of admission to the United States on April 19, 1906 of Owen Trevor Williams.

Exhibit 6—A record showing birth in Great Britain on May 7, 1906 of a boy, Frederick John to Owen Trevor Williams and Edith Williams, formerly Hughes.

Exhibit 7—A record showing admission to the United States on December 21, 1907 of a one-year old child, Fred Williams, accompanied by his mother, Edith Williams, and brother, Trevor Williams, destined to his grandparents, Mr. and Mrs. John Hughes.

Exhibit 2—A record of marriage on June 11, 1936 in Detroit, Michigan, between Frederick J. Williams and Emma Beaudin. This record shows the groom to be thirty years of age, and states that his father's name was Owen and his mother's name was Edith Hughes. The groom represented that he had been born in Pennsylvania.

Exhibit 3—A voting record of Frederick J. Williams, which recites his birthdate as May 7, 1906 and his mother's name as Edith Hughes and claims birth in "U. S".

 Plaintiff's view is that the records above listed were admitted without being related to the party charged, and that for this reason their admission was improper. Plaintiff contends that although the records refer to a party bearing the same name as plaintiff, there was no proof that such party is, in fact, the plaintiff. We think that such reasoning is fallacious. The gist of the inquiry was to ascertain whether or not plaintiff is an alien. It is normal legal procedure to arrive at conclusions from evidence presented, and the test is whether or not the evidence presented is of sufficient probative value to form the basis for the conclusion arrived at. Here the evidence presented consists of documents pointing to the identity of the plaintiff as being the same as that of the party to which the documents refer. Even in a criminal prosecution, which this is not, the Government presents evidence to identify the defendant with the party alleged to have committed a crime. It is then the function of the trier of the facts to decide, among other things, whether such identity has been proved beyond a reasonable doubt. It would not be a tenable position for the defendant to object to the admissibility

of all evidence that tended to link him with the crime, and to identify him as the criminal. Such is the function of the trial from the standpoint of the prosecution.

Because of our view of the procedure utilized in the administrative hearing herein, we do not deem it necessary to review the theory relative to evidence at administrative hearings as not being subject to the rules of evidence applicable to judicial proceedings. Suffice it to say, it is well established law that such is the case. United States ex rel. Impastato v. O'Rourke, 8 Cir., 211 F.2d 609.

The concept of due process is, of course, applicable to such a proceeding, but it does not necessarily embrace judicial rules of evidence. Plaintiff was afforded a hearing before the proper administrative agency. He was given an opportunity to testify and present evidence. He declined to exercise his right in this regard. The Government offered in evidence a number of documents on the basis of which the hearing officer concluded that plaintiff is an alien. We are not presented with any controversy as to the authenticity of said documents, but rather with the question of their admissibility. This question is raised by plaintiff because of the lack of direct evidence linking plaintiff with any of the documents. That the evidence is not direct does not, however, detract from its being substantial and probative. We think it is both, as a cursory examination of the documents themselves must reveal to any person in the exercise of logical reasoning. The Special Inquiry Officer had a right to disregard the self-serving statements in Exhibits 2 and 3 to the effect that plaintiff was born in the United States.

The parties to this action have submitted briefs to the Court, of which the Court is appreciative. Since our only function in this matter is to determine whether the administrative hearing was a fair one and not violative of due process concepts, and whether the

resultant order was based on substantial and probative evidence, we conclude that we are not able to afford to the plaintiff the relief he seeks.

An order may be presented accordingly.