Frederick J. WILLIAMS, Appellant,

v.

Walter SAHLI, District Director of Immigration and Naturalization at Detroit, Michigan, Appellee.

No. 13762.

United States Court of Appeals
Sixth Circuit.

Oct. 16, 1959.

---

Goodman, Crockett, Eden & Robb, Detroit, Mich., for appellant.

Charles Gordon, Immg. & Nat'l. Service, St. Paul, Minn., Fred W. Kaess, and John L. Owen, Detroit, Mich., for appellee.

Before McALLISTER, Chief Judge, MARTIN, Circuit Judge, and WEICK, District Judge.

PER CURIAM.

An order of deportation was entered against appellant which was affirmed by the Board of Immigration Appeals on August 27, 1954. The District Court upheld appellant's deportation. Williams v. Butterfield, 145 F.Supp. 567. This Court affirmed. Williams v. Mulcahey, 6 Cir., 1957, 250 F.2d 127. Certiorari was denied by the Supreme Court on April 28, 1958 (356 U.S. 946, 78 S.Ct. 793, 2 L.Ed.2d 821) and rehearing denied on May 26, 1958.

Appellant filed with the Board of Immigration Appeals on January 30, 1958 a motion to reopen the deportation proceedings and on May 9, 1958 filed with the District Director at Detroit a motion to set aside the final order of deportation to permit him to make application for suspension of deportation.

The Board of Immigration Appeals denied appellant's motion to reopen on May 14, 1958 which was upheld by the District Court and resulted in this appeal.

It was undisputed that appellant did not make application for suspension of deportation to the Board of Immigration Appeals prior to being served with the order of deportation as required by Section 244(a) (5) of the Immigration & Nationality Act of 1952 (8 U.S.C.A. § 1254(a) (5)) and by the regulations issued in pursuance thereof. (8 C.F.R. § 242.16(e) and § 244.2).

The Board pointed out that no useful purpose would be served in reopening the case as the record established appellant's membership in the Communist Party from 1932 to 1949 and that he, therefore, would be unable to prove that he had not been a member of a subversive organization for ten years preceding his application for suspension of deportation as required by Section 244(a) (5) of the Immigration and Nationality Act (8 U.S.C.A. § 1254(a) (5)). See: Williams v. Mulcahey, 6 Cir., 1957, 253 F.2d 709.

Appellant was not entitled to suspension of his deportation as a matter of right. It was solely within the discretion of the Board. Section 244, Immigration & Nationality Act of 1952, 8 U.S.C.A. § 1254, United States ex rel. Hintopoulos v. Shaughnessy, 1957, 353 U.S. 72, 77, 77 S.Ct. 618, 1 L.Ed.2d 652; Jay v. Boyd, 1956, 351 U.S. 345, 76 S.Ct. 919, 100 L.Ed. 1242.

Appellant has not established to our satisfaction that the Board abused its discretion in refusing to reopen the case.

In view of appellant's failure to make timely application for suspension

of deportation as required by law and to establish that the Board acted arbitrarily, the *District Court was right in dismissing the complaint.* The judgment below is, therefore, affirmed.