**Fred WILLIAMS, Petitioner,**

v.

**Walter A. SAHLI, District Director of Immigration and Naturalization at Detroit, Michigan, Defendant.**

**No. 13762.**

United States Court of Appeals
Sixth Circuit.

July 3, 1961.

**250**

George W. Crockett, Jr., of Goodman, Crockett, Eden, Robb & Philo, Detroit, Mich., for appellant.

Lawrence Gubow, U. S. Atty., Detroit, Mich., of counsel. Charles Gordon, Regional Counsel Immigration & Naturalization Service, St. Paul, Minn., for appellee.

Before MARTIN, McALLISTER and WEICK, Circuit Judges.

WEICK, Circuit Judge.

This case has been before the courts on two previous occasions in which petitioner unsuccessfully attacked, on various grounds, the deportation order of August 27, 1954. Williams v. Butterfield, D.C., 145 F.Supp. 567, affirmed Williams v. Mulcahey, 6 Cir., 250 F.2d 127, rehearing denied 6 Cir., 253 F.2d 709, certiorari denied 356 U.S. 946, 78 S.Ct. 793, 2 L.Ed.2d 821, rehearing denied 356 U.S. 970, 78 S.Ct. 1009, 2 L.Ed. 2d 1076; Williams v. Sahli, D.C., 166 F.Supp. 734, affirmed 6 Cir., 271 F.2d 228, certiorari denied 361 U.S. 966, 80 S.Ct. 588, 4 L.Ed.2d 547.

■ Petitioner is now in his third round. Following an affirmance of the judgment in the second case and the denial of certiorari by the Supreme Court, deportation was stayed voluntarily by the Immigration Service to enable Congress to consider a private bill introduced in behalf of petitioner. When Congress adjourned in 1960, without acting on the bill, petitioner was ordered to report for deportation. He then filed a motion in the District Court under Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to reopen the case, presenting a constitutional question which he claimed had not been adjudicated or considered in his previous two cases. The District Judge granted an injunction restraining deportation until further order. The District Judge subsequently concluded that he did not have authority to entertain the motion to reopen without our approval. Home Indemnity Co. of New York v. O'Brien, 6 Cir., 1940, 112 F.2d 387; Tribble v. Bruin, 4 Cir., 1960, 279 F.2d 424. The present petition followed.

We have examined the record and briefs and find that the alleged constitutional question which petitioner is now asserting in his motion under Rule 60(b) was raised in this Court in his second appeal. It was asserted in his complaint filed in the District Court and argued at length in his brief filed in our Court. Appellant's brief pp. 21, 22 and 23. His claim was that the suspension of deportation procedure violated due process because it required him to submit an application for suspension before his alienage and deportability were determined. [8 U.S.C.A. § 1254(a) (5); 8 C.F.R. §§ 242.16(e) and 244.2.]

After arguing this point in his brief, petitioner concluded with the following:

"But like most 'due process' issues, the question is not answered by any hard and fast rule. What is involved is a judicial weighing in each case of the gravity of the con-

stitutional infringement as against the necessity for the reasonableness of the condition. Cf. American Communications Ass'n v. Douds, 339 U.S. 382 [70 S.Ct. 674, 94 L.Ed. 925] (1950).

"It is unnecessary here, however, to attempt this delicate weighing process; for, as we pointed out above (supra p. 15) the Board itself, by allowing the final order to be set aside for this purpose, has evolved a method of applying the statute in a manner that avoids these constitutional pitfalls. Not only is such an interpretation by the agency charged with the administration of the statute entitled to great weight ([Overnight] Motor Transp. Co. v. Missell [Missel], 316 U.S. 572, 62 S.Ct. 1216, 1221, note 17 [86 L.Ed. 1682]); but, where, as here, an interpretation and application of the statute is available which is both consistent with the Congressional intent,[7] and avoids these constitutional issues, that interpretation is to be preferred. Crowell v. Benson, 285 U.S. 22, 62 [52 S.Ct. 285, 76 L.Ed. 598]; Ashwander v. T. V. A., 297 U.S. 288, 348, note 8 [56 S.Ct. 466, 80 L.Ed. 688]."

We interpreted the quoted language to mean that it was unnecessary for us to determine the constitutional question because of the practice of the Board to allow the final order to be set aside for the purpose of consideration of the suspension motion.

Petitioner, after abandonment of the constitutional issue, then raised the question "Did the Board Abuse Its Discretion by Refusing, on the Merits, to Permit Appellant to Apply for Suspension?" This issue was discussed at length in the remainder of the brief. (Appellant's brief pp. 24–34.)

The Board not only could, but did consider the matter on its merits although, in our judgment, it was not obliged to do so because the application had not been timely filed. The Board was not required

to do a vain thing by reopening the case when petitioner's established membership in a subversive organization prevented granting relief by suspension of deportation.

We discussed this issue in our opinion stating [271 F.2d 229]:

"The Board pointed out that no useful purpose would be served in reopening the case as the record established appellant's membership in the Communist Party from 1932 to 1949 and that he, therefore, would be unable to prove that he had not been a member of a subversive organization for ten years preceding his application for suspension of deportation as required by Section 244 (a) (5) of the Immigration and Nationality Act [8 U.S.C.A. § 1254(a) (5)]. See: Williams v. Mulcahey, 6 Cir., 1957, 253 F.2d 709.

"Appellant was not entitled to suspension of his deportation as a matter of right. It was solely within the discretion of the Board. Section 244, Immigration & Nationality Act of 1952, 8 U.S.C.A. § 1254, United States ex rel. Hintopoulos v. Shaughnessy, 1957, 353 U.S. 72, 77, 77 S.Ct. 618, 1 L.Ed.2d 652; Jay v. Boyd, 1956, 351 U.S. 345, 76 S.Ct. 919, 100 L.Ed. 1242.

"Appellant has not established to our satisfaction that the Board abused its discretion in refusing to reopen the case."

■ If petitioner believed that we were wrong in not considering the constitutional issue, he had a remedy to bring this to our attention in a petition for rehearing. He filed no petition for rehearing. He could also have raised the constitutional question in a petition for a writ of certiorari in the Supreme Court. He may not use a motion to reopen under Rule 60(b) as a substitute for appeal. Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207; Polites v. United States, 364 U.S. 426, 81 S.Ct. 202, 5 L.Ed.2d 173. In our judgment, there is no merit to petition-

er's claim. This litigation, which has extended over a period of nearly seven years, should be brought to a conclusion.

The petition for leave to proceed under Rule 60(b) is denied with instructions to the District Court to enforce our mandate by dissolving the injunction and dimissing the motion.