**In re George R. MORRISON, Sr., Ruth L. Morrison, Debtors.**

**Bankruptcy No. 82–01563.**

United States Bankruptcy Court, N. D. Ohio, W. D.

Sept. 14, 1982.

Blondell Dixon, Advocates for Basic Legal Equality, Toledo, Ohio, for debtors.

David A. Zeitzheim, Oak Harbor, Ohio, trustee.

ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court on the motion of Debtors for Court provided interpreting services at their Section 341 Meeting of Creditors scheduled for September 15, 1982 and at their Section 524(d) Discharge Hearing scheduled for December 21, 1982. The motion is not well taken and is denied.

The motion states that the Debtors are both hearing impaired and cannot communicate effectively without the assistance of a competent interpreter for the hearing and speech impaired who can communicate with the Debtors using sign language. In addition, it is asserted that the failure to appoint a competent interpreter for the above proceedings will result in a denial of the Debtors' rights to receive fair, equitable and impartial access to this Court, that it would deny them due process, and that it would discriminate against them solely because of their speech and hearing impairment.

In *United States v. Kras,* 409 U.S. 434, 446, 93 S.Ct. 631, 638, 34 L.Ed.2d 626, 636 the Supreme Court of the United States held that there is no constitutional right to obtain a discharge of one's debts in bankruptcy. The Court upheld the statutory requirement of Section 14(b)(2) of the

---

Bankruptcy Act, 11 U.S.C. Section 32(b)(2), that filing fees be paid as a condition precedent to obtaining a discharge seeing "no fundamental interest that is gained or lost depending on the availability of a discharge in bankruptcy." 409 U.S. at 445, 93 S.Ct. at 638, 34 L.Ed.2d at 636. The Court further found that the filing fee requirement did not deny the debtor equal protection of the laws and that there was a rational basis for the filing fee requirement.

There being no constitutional right to obtain a discharge, the Court can find no constitutional infirmity in denying Debtors' request for court provided interpreting services on either due process or equal protection grounds. Section 341 of the Bankruptcy Code provides that there shall be a meeting of creditors within a reasonable time after the entry of an order for relief. Section 343 provides that the debtor shall appear and submit to examination under oath at the Section 341 meeting. The Debtors must meet their obligations under the Code, including all expenses incident thereto, or risk dismissal of their case and/or denial of a discharge. The requirement that Debtors provide their own interpreter, in the Court's opinion, is an incidental expense like filing fees, transportation costs, etc. that the Debtors must pay in meeting the obligations under the Code and in no way discriminates against them due to their hearing impairment.

The Court also finds no entitlement to court provided interpreting services under the provisions of the Court Interpreters Act, P.L. 95–539, codified in 28 U.S.C. Section 1827 (1978). Under 28 U.S.C. Section 1827(d) the Court shall utilize the services of an interpreter "in any criminal or civil action initiated by the United States" when the Court determines that a party or witness suffers from a hearing impairment. The present bankruptcy case was "initiated" by the Debtors filing of a petition not by the United States and therefore there is no entitlement to court provided interpreting services in the present proceedings.

For the foregoing reasons, it is hereby,

ORDERED that Debtors' motion to appoint an interpreter for the hearing and speech impaired at their Meeting of Creditors on September 15, 1982 and at their December 21, 1982 Discharge Hearing be, and hereby is, denied.