**In re George R. MORRISON, Sr., Ruth L. Morrison, Debtors.**

**Bankruptcy No. 82–01563.**

United States Bankruptcy Court, N.D. Ohio W.D.

Dec. 16, 1982.

Blondell Dixon, Advocates for Basic Legal Equality, Fremont, Ohio, for debtors.

David A. Zeitzheim, Oak Harbor, Ohio, Trustee in Bankruptcy.

## ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court on the Debtors' motion for reconsideration of this Court's Order of September 14, 1982 which denied their motion for court provided interpreting services at their § 341 Meeting of Creditors scheduled for September 15, 1982, and at their § 524(d) discharge hearing scheduled for December 21, 1982. The motion is denied as untimely.

The original motion filed by Debtors stated that they are both hearing impaired and cannot communicate effectively without the assistance of a competent interpreter for the hearing and speech impaired who can communicate with the Debtors using sign language. It was asserted that the failure to appoint a competent interpreter would result in a denial of Debtors' rights to receive fair, equitable, and impartial access to the Court, that it would deny them due process, and that it would discriminate

against them solely because of their speech and hearing impairment.

In its order entered September 14, 1982 the Court relying on *United States v. Kras,* 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), reasoned that their being no constitutional right to obtain a discharge in bankruptcy, there is no constitutional infirmity in denying Debtors' request for court appointed interpreting services on either due process or equal protection grounds. *In re Morrison,* 9 B.C.D. 645, 646 (Bkrtcy.N.D. Ohio 1982). The Court also declined to appoint an interpreter under 28 U.S.C. § 1827(d), which provides that the court shall utilize the services of an interpreter "in any criminal or civil action initiated by the United States" when a party or witness suffers from a hearing impairment, since the instant bankruptcy proceeding was initiated by the Debtors filing a petition for relief under the Bankruptcy Code, not by any action of the United States. *Id.*

Debtors now urge several grounds for relief from this Court's Order of September 14, 1982 including their assertion that *United States v. Kras, supra,* should be limited to discrimination against the poor, not the handicapped, that 28 U.S.C. § 1827(d) is unlawful to the extent that it fails to provide for interpreters in cases not initiated by the United States, and that, in any event, the failure to provide an interpreter would be unlawful under 29 U.S.C. § 794 prohibiting discrimination against a handicapped individual under any program or activity receiving financial assistance from the federal government.

In the present case, the motion for reconsideration was filed on October 13, 1982, 27 days after this Court entered its September 14, 1982 order denying the Debtors' motion for court provided interpreting services. The timing of this motion raises issues both as to the finality of the Court's September 14 order and as to the circumstances under which a party can gain relief from a final judgment or order of a bankruptcy court.

Rule 801(a) of the Bankruptcy rules provides that "[a]n appeal from a judgment or order of a referee to a district court shall be taken by filing a notice of appeal with the referee within the time allowed by Rule 802". Furthermore, Rule 803 provides that "[u]nless a notice of appeal is filed as prescribed by Rule 801 and 802, the judgment or order of the referee shall become final". The court must therefore examine the provisions of Rule 802 of the Bankruptcy Rules to determine whether the September 14 Order is final or still subject to appeal.

Rule 802(a) states the general rule that a notice of appeal shall be filed within 10 days of the entry of the judgment or order appealed from. Although running of the time for filing a notice of appeal can be terminated by a timely motion under Rule 802(b), the only conceivable grounds that could be considered thereunder are the filing of a timely motion under Rule 923 to alter or amend the judgment or a timely motion for a new trial under Rule 923. These have been eliminated by virtue of Debtors' failure to file the same within 10 days after the entry of judgment, the applicable time deadline for such motion found in Rules 59(e) and 59(b) Fed.R.Civ.P. respectively, applicable to bankruptcy proceedings by virtue of Rule 923.

Rule 802(c), reproduced below, governs the circumstances under which the bankruptcy court may grant an extension of the ten day period specified in Rule 802(a) for filing a notice of appeal.

> The referee may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before such time has expired, except that a request made after the expiration of such time may be granted upon a showing of excusable neglect if the judgment or order does not authorize the sale of any property.

Under the first sentence of Rule 802(c) the bankruptcy judge may grant any party a 20 day extension from the expiration of the time otherwise prescribed by the rule for filing a notice of appeal. Under the second sentence of Rule 802(c) however, a request

to extend the time for filing a notice of appeal must be made before the time otherwise prescribed for filing a notice of appeal has expired, unless there is a showing of excusable neglect.

■ In the present case there has been no timely request for an extension of time for filing a notice of appeal. In addition, there are no circumstances either asserted or apparent that would constitute sufficient excusable neglect for the grant of an extension of time for filing the notice of appeal after the time otherwise prescribed has expired. The Order in question, then, became final ten days after the date of its entry on September 14, 1982 and is no longer subject to review by an appellate court.

■ The question then becomes whether there are sufficient grounds stated for the court to make its own review of the Order in question. As previously stated, Rule 923 with exceptions not herein relevant, makes Rule 59 Fed.R.Civ.P. applicable in bankruptcy cases. Although there is nothing in the Federal Rules formally denominated as a "motion to reconsider" it seems clear in this Circuit that "a motion which orders a court to vacate and reconsider, or even to revise its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment." *Smith v. Hudson,* 600 F.2d 60, 62 (6th Cir.1979). Pursuant to Rule 59(e) Fed.R.Civ.P., however, such a motion must be served within 10 days after entry of the judgment in question, rendering the present motion, filed 27 days after entry of this Court's September 14 Order, untimely.

Rule 924 of the Bankruptcy Rules, with exceptions not herein relevant, makes Rule 60 Fed.R.Civ.P., providing for relief from judgment or order, applicable in bankruptcy cases. The motion to reconsider asserting generally that this Court committed legal error in failing to provide the Debtors with a court provided interpreter, the sufficiency of the motion under Rule 60(a), governing clerical mistakes, is not reasonably in issue. The applicability and sufficiency of the motion under Rule 60(b), however, is less easily determined.

Rule 60(b) Fed.R.Civ.P. provides as follows:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

In the opinion of this Court, the only grounds for consideration of this motion under Rule 60(b) even remotely deserving of consideration are numbers 1, 4, and 6 which specify "mistake, inadvertence, surprise, or excusable neglect", "the judgment is void", and "any other reason justifying

relief from the operation of judgment" respectively as grounds for relief from judgment.

The grounds for relief from judgment under Rule 60(b)(1) are "mistake, inadvertence, surprise, or excusable neglect". Although all the circumstances under which error of the court can be considered sufficient "mistake" under Rule 60(b)(1) are not clearly defined, the clearest consensus is in those cases in which the error involved a fundamental misconception of law and the motion was not made until after the time for appeal has run. *See* C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 2858 at 178–180 (1973). Here, with few exceptions, relief is denied. *Id.*

The "mistake" alleged by Debtors here, if they are mistakes at all, are mistakes of law and could have been raised on appeal. Rule 60(b), however, is no substitute for appeal, *see e.g. Williams v. Sahli,* 292 F.2d 249, 251 (6th Cir.1961) *cert. den.* 368 U.S. 977, 82 S.Ct. 482, 7 L.Ed.2d 439 (1962). For an alleged mistake invoking a fundamental misconception of the law, as opposed to those of an obvious nature involving little more than clerical error, the orderly process of appeal is far more appropriate as a remedy. *See Fackelman v. Bell,* 564 F.2d 734, 736 (5th Cir.1977). The "reasonable time" limitation for filing a 60(b) motion is viewed, under these circumstances, as having expired after the time for appeal has run. *See Calypso Yacht Charters, Inc. v. Nautilus Virgin Charters, Inc. (In re Nautilus Virgin Charters, Inc.)* 22 B.R. 468, 471 (Bkrtcy.V.I.1982). The court holds then, that it will not grant a motion for relief from judgment under Rule 60(b)(1) when the motion is based solely on the assertion that the Court committed legal error and the motion is filed after the time for filing a notice of appeal has run.

The Court similarly would reject any claim for relief under Rule 60(b)(4) on the grounds that "the judgment is void" or under Rule 60(b)(6) for "any other reason justifying relief from the operation of judgment". "A judgment is not void merely because it is or may be erroneous." *V.T.A.,*

*Inc. v. Donnelly Mirrors, Inc.,* 597 F.2d 220, 224 (10th Cir.1979). Assuming there is any merit to Debtors' motion then, relief cannot be granted under Rule 60(b)(4). Finally, except in unusual circumstances, a party cannot use a Rule 60(b)(6) motion to remedy a failure to make an appeal. *See* C. Wright & A. Miller, *Federal Practice and Procedure,* Civil: § 2864 at 214–215 (1973). As the previous discussion indicates, Debtors contending the Court committed legal error in its September 14, 1982 Order and having failed to timely prosecute an appeal of the decision, they cannot now gain relief under Rule 60(b)(6).

For the foregoing reasons, it is hereby,

ORDERED that Debtors' motion for reconsideration of this Court's September 14, 1982 Order denying them court provided interpreting services at their December 21, 1982 discharge hearing be, and hereby is, denied.