774 F.2d 1162
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Andrew B. Ely El, Plaintiff-Appellant,
v.
State of Ohio, Defendant-Appellee.
 No. 84-3925
 United States Court of Appeals, Sixth Circuit.
 9/19/85
 
 S.D.Ohio
 AFFIRMED
 ORDER
 BEFORE: ENGEL, KEITH and KENNEDY, Circuit Judges.
 
 
 1
 Plaintiff appeals from an order denying his motion for relief from judgment filed under Rule 60(b), Federal Rules of Civil Procedure. The appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 On February 16, 1982, plaintiff filed a pro se civil rights complaint in the district court, challenging the action of the Ohio Department of Administrative Services in removing plaintiff from his job as a hospital aid on the bases of immoral conduct and dishonesty (using a false name on his job application). On September 24, 1982, a Magistrate issued a report recommending dismissal of the complaint. This recommendation, in turn, was adopted by the district court by order filed October 13, 1982.
 
 
 3
 Plaintiff did not file a notice of appeal from this decision. Rather, on October 5, 1984, and October 22, 1984, plaintiff filed the present 'Motion to Review' and 'Motion to Reopen Case,' challenging the dismissal of his case as it related to the charge of dishonesty. Plaintiff attached to his motions several exhibits, specifically, his discharge papers from the U.S. Marine Corps dated August 5, 1970. The district court treated plaintiff's motions as filed under Rule 60(b), Federal Rules of Civil Procedure, and denied the motions by order filed November 6, 1984. Plaintiff filed a timely notice of appeal from that decision.
 
 
 4
 Plaintiff's Rule 60(b) motion in no way enables this Court to exercise jurisdiction over an appeal from the October 13, 1982 judgment. However, the ruling on the Rule 60(b) motion is appealable and reviewable for abuse of discretion. Peake v. First National Bank and Trust Co. of Marquette, 717 F.2d 1016, 1018 (6th Cir. 1983).
 
 
 5
 In pertinent part, Rule 60(b) provides relief from judgments in six instances: (1) mistake or inadvertence; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reasons justifying relief from the operation of the judgment. Plaintiff's Rule 60(b) motion could arguably fall within subsection (2) or (6) above. However, subsection (2), along with subsections (1) and (3), may only be invoked within a year after the challenged order was entered. See Hopkins v. Coen, 431 F.2d 1055 (6th Cir. 1970) (subsection ); Sunfire Coal Co. v. United Mine Workers of America, 335 F.2d 958 (6th Cir. 1964), cert. denied, 379 U.S. 990 (1965) (subsection ); United States v. Marin, 720 F.2d 229 (1st Cir. 1983) (subsection ), citing 7 Moore's Federal Practice p60.24 at 60-20 (2nd Ed. 1985). Because plaintiff's action was filed over a year after the October 13, 1982 judgment, it cannot be maintained under subsection (2).
 
 
 6
 In order to fall under subsection (6), plaintiff's motion must be based upon some reason other than those stated in subsections (1) through (5). 7 Moore's Federal Practice p60.27 at 60-266 (2nd Ed. 1985). Plaintiff's motion might have been maintainable under subsection (2). His failure to file within one year, therefore, precludes review under subsection (6).
 
 
 7
 Further, Rule 60(b) cannot be used to litigate matters which could have been litigated on appeal. William v. Sahli, 292 F.2d 249 (6th Cir. 1961), cert. denied, 368 U.S. 977 (1962); Plotkin v. Pacific Telephone & Telegraph Co., 688 F.2d 1291 (9th Cir. 1982). By way of the present Rule 60(b) motion, plaintiff is attempting to rehash matters which could have been litigated on appeal from the October 13, 1982 judgment. Plaintiff simply cannot obtain relief from judgment in this manner.
 
 
 8
 From the foregoing, it appears the district court did not abuse its discretion in denying plaintiff's Rule 60(b) motion. Peake v. First National Bank and Trust Co. of Marquette, supra.
 
 
 9
 Therefore, it is ORDERED that the final order of the district court be affirmed. Rule 9(d)(2), Rules of the Sixth Circuit.