944 F.2d 904
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
n re Richard C. CRITTENDEN, Debtor.
Dimitry W. THOMAS, Derek Thomas, Caroline S. Thomas,
Plaintiffs-Appellants,
v.
Richard C. CRITTENDEN, Charles J. Taunt, Trustee of Debtor,
Defendants-Appellees.
 No. 91-1633.
 United States Court of Appeals, Sixth Circuit.
 Sept. 16, 1991.
 
 1
 Before MERRITT, Chief Judge, RALPH B. GUY, Jr., Circuit Judge, and SILER, Chief District Judge.*
 
 ORDER
 
 2
 Dimitry W. Thomas, Derek Thomas, and Caroline S. Thomas, pro se plaintiffs, appeal the district court's order dismissing for lack of jurisdiction their appeal from the bankruptcy court's order dismissing their adversary proceeding against debtor Richard C. Crittenden. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking a denial of discharge under 11 U.S.C. §§ 523(c) and 727, the Thomases filed a complaint in bankruptcy court against Crittenden (debtor) and Taunt, who was the trustee assigned to Crittenden's estate. They alleged that Crittenden had mismanaged certain of their properties entrusted to him over a three-year period, embezzled income from those properties, and failed to account for funds. Accordingly, the Thomases requested that the bankruptcy court deny Crittenden a discharge of the debt allegedly owed to them.
 
 
 4
 In response to motions to dismiss filed by both defendants, the bankruptcy court ordered the Thomases to amend their complaint so as to comply with Bankruptcy Rules 7008 and 7009. The Thomases subsequently filed an amended complaint which named only Crittenden as a defendant. The amended complaint sought damages as well as a denial of discharge and was based upon four grounds: (1) breach of contract, (2) wrongful conversion, (3) common law fraud, and (4) breach of fiduciary responsibility.
 
 
 5
 On June 13, 1990, defendant Crittenden filed a motion to dismiss and for summary disposition for failure to state a claim and failure to comply with Bankruptcy Rules 7008 and 7009. By order of July 13, 1990, the bankruptcy court dismissed the adversary proceeding because no response was filed by the Thomases to Crittenden's motion to dismiss. The Thomases filed a motion for reconsideration of the bankruptcy court's dismissal order on July 30, 1990. On August 8, 1990, the bankruptcy court issued another order denying the Thomases' motion for reconsideration. Meanwhile, the bankruptcy court had discharged Crittenden under Chapter 7 on July 31, 1990.
 
 
 6
 The Thomases filed a notice of appeal to the district court on August 20, 1990. The district court issued an opinion and order on April 5, 1991 finding that it lacked jurisdiction to consider the Thomases' appeal because their notice of appeal was not filed within ten days of the July 13th order of dismissal as required by Bankruptcy Rule 8002(a). The district court denied the Thomases' motion for reconsideration by its order of April 30, 1991.
 
 
 7
 On appeal to this court, the Thomases argue that the district court erred in finding their appeal to be untimely.
 
 
 8
 Upon review, we vacate the district court's order because the Thomases' timely motion for reconsideration tolled the appeal period until the bankruptcy court ruled on that motion. The district court correctly noted that the timely filing of a notice of appeal is a jurisdictional requirement. In re LBL Sports Center, Inc., 684 F.2d 410, 412 (6th Cir.1982). However, contrary to the district court's belief, the Thomases do fall within the scope of Bankruptcy Rule 8002(b)(3).
 
 
 9
 This court, along with others, holds that a motion for reconsideration of a judgment is construed as a motion to alter or amend the judgment and is time-tolling. See Moody v. Pepsi-Cola, 915 F.2d 201, 206 (6th Cir.1990); In the Matter of Aguilar, 861 F.2d 873, 875 (5th Cir.1988) (per curiam); In re Morrison, 26 B.R. 57, 60 (Bankr.N.D.Ohio 1982). See also 9 Collier on Bankruptcy p 8002.06 (L.P. King 15th ed. 1990).
 
 
 10
 The Thomases' motion was timely. For a motion for reconsideration to be time-tolling, it must be served within ten days of the date of entry of the order or judgment. See Windsor v. United States Dep't of Justice, 740 F.2d 6, 7 (6th Cir.1984) (per curiam). The bankruptcy court's order dismissing the adversary proceeding was entered on July 18, 1990. The ten-day period immediately following ended on July 28, 1990, but that date fell on a Saturday. The Thomases filed and served their motion for reconsideration on the following Monday, July 30, 1990. Thus, the motion for reconsideration was timely. Fed.R.Civ.P. 6(a).
 
 
 11
 The notice of appeal to the district court was also timely. The bankruptcy court's order denying the motion for reconsideration was entered on August 9, 1990. The ten-day period immediately following ended on August 19, 1990, which was a Sunday. The Thomases filed their notice of appeal the next day, Monday, August 20, 1990. Thus, the notice of appeal was timely and the district court did have jurisdiction to consider the appeal.
 
 
 12
 Accordingly, the district court's order is hereby vacated and the case remanded for consideration on the merits. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Chief U.S. District Judge for the Eastern District of Kentucky, sitting by designation