COURT OF CHANCERY
OF THE
STATE OF DELAWARE

J. TRAVIS LASTER
VICE CHANCELLOR

New Castle County Courthouse
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

Date Submitted: December 20, 2016
Date Decided: January 5, 2017

Ryan P. Newell, Esquire
Lauren P. DeLuca, Esquire
Connolly Gallagher LLP
The Brandywine Building
1000 West Street, Suite 1400
Wilmington, DE 19801

Dr. Refael Aharon, *pro se*
c/o Applied Cleantech, Inc.
American Incorporators Ltd.
1013 Centre Road, Suite 403-A
Wilmington, DE 19805

RE: *In re Applied Cleantech, Inc.*
C.A. No. 12719-VCL

Dear Counsel and Dr. Aharon:

An expedited trial in this matter will take place on January 26 and 27, 2017. Defendant Refael Aharon, who is litigating *pro se*, has asked the court to appoint a Hebrew interpreter to translate during the trial. His request is granted.

The Due Process and Equal Protection Clauses of the United States Constitution require courts to supply interpreters for criminal defendants. *United States v. Mosquera*, 816 F.Supp. 168, 173 (E.D.N.Y. 1993) (citing *Drope v. Missouri*, 420 U.S. 162 (1975); *Pate v. Robinson*, 383 U.S. 375 (1966)). "A criminal defendant who is unable to understand the English language is effectively denied the right to consult with an attorney, to confront his or her accusers, and/or to waive constitutional rights knowingly, intelligently, and voluntarily." *Chao v. State*, 604 A.2d 1351, 1362 (Del. 1992) (citation omitted), *overruled*

*on other grounds by Williams v. State*, 818 A.2d 906 (Del. 2002). Failure to provide an interpreter for a criminal defendant violates the "notion that no defendant should face the Kafkaesque spectre of an incomprehensible ritual which may terminate in punishment." *United States v. Carrion*, 488 F.2d 12, 14 (1st Cir. 1973), *cert. denied*, 416 U.S. 907 (1974).

The requirements of the Due Process and Equal Protection Clauses are less clear for defendants in civil proceedings. Parties to civil proceedings are "not accorded the full panoply of due process rights that [a] defendant in [a] criminal trial receives." *United States v. Cirrincione*, 780 F.2d 620, 634 (7th Cir. 1985). Courts have held that there is no constitutional right to an interpreter in a civil case. *See, e.g.*, *In re Morrison*, 22 B.R. 969, 970 (Bankr. N.D. Ohio 1982) ("There being no constitutional right to obtain a discharge, the Court can find no constitutional infirmity in denying Debtors' request for court provided interpreting services on either due process or equal protection grounds."). Instead, a federal right to an interpreter in certain civil actions has been afforded by statute or by regulatory mandate. *See, e.g.*, Court Interpreters Act, 28 U.S.C. § 1827(d) (1996) (providing for an interpreter "in any criminal or civil action initiated by the United States in a United States district court . . ."); Nondiscrimination on the Basis of Disability in State and Local Government Services, 56 Fed. Reg. 35694–01 (Dep't of Justice July 26, 1991) (clarifying that the Americans with Disabilities Act requires courts to provide interpreters to certain individuals, even in civil actions).

Aharon is not facing criminal charges. He has not identified a disability or other condition that might trigger a federal right to an interpreter. Delaware has not provided by statute for interpreters in civil actions. He is therefore not entitled to an interpreter.

Despite the absence of any legal entitlement, the Delaware Supreme Court has adopted a policy of providing interpreters in civil actions whenever reasonably possible. Former Chief Justice Veasey adopted such a policy "[i]n recognition of the diversity of persons who appear in and utilize the Delaware courts…." Admin. Directive No. 107 (Del. Apr. 4, 1996). Under Chief Justice Strine, it remains the "polic[y] of the Judicial Branch to take reasonable steps to provide meaningful access to all individuals in any encounters with the Delaware Judiciary regardless of their national origin or limited ability to read, write, speak, or understand English." Administrative Office of the Court Court Interpreter Program Policy Directive 1 (2012). In light of this policy, Delaware courts should "err on the side of caution in determining when to provide [limited English proficiency] services, especially given the importance of protecting the legal rights afforded participants in the judicial process." Delaware Judiciary Language Access Plan, Appendix F, at 7 (2014), *available at* http://courts.state.de.us/forms/download.aspx?id=64928.

Aharon is litigating *pro se*, contends that his understanding of English is limited, and has represented that he cannot afford to pay for an interpreter. Under the circumstances, I will "err on the side of caution" and grant his request.

The Administrative Office of the Courts administers the Delaware Court Interpreter Program. In accordance with the General Procedures for Scheduling Interpreter Services,

as set forth in the Delaware Judiciary Language Access Plan, the court will supply a Hebrew interpreter. The cost will be covered by the Interpreter Program.

Sincerely yours,

*/s/ J. Travis Laster*

J. Travis Laster
Vice Chancellor

JTL/rss