### In re MACLOSKEY.

No. 2592.

District Court, D. New Jersey.

July 25, 1946.

Walter R. Carroll, of Camden, N. J., for bankrupt.

Benjamin F. Friedman, of Camden, N. J., and Harry Norman Ball, of Philadelphia, Pa., for petitioner.

FORMAN, District Judge.

Petitioner, creditor of the bankrupt, requested the trustee to bring suit under Section 70, sub. e, of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. e, against the bankrupt, Evelyn Croft, Annie Croft, Virginia A. Macloskey, Mary Christine Macloskey, relatives of the bankrupt, and Gem Products Sales Company to set aside alleged fraudulent transfers and conveyances. Indemnity against costs of litigation was and still is offered. The trustee declined to sue, and thereupon the matter was brought before the Referee on petition for an order directing the trustee to sue or, in the alternative, for an order permitting petitioner to sue. Hearings followed and the Referee ordered the trustee to sue the bankrupt only. The petitioner complained of this ruling.

The record shows that the bankrupt married Esther Croft about thirty years ago, and had one child, Mary Christine Macloskey, that his wife's father died in 1930, leaving a large estate, and that his wife received a distributive share worth about $200,000. The bankrupt's wife died in 1935, and since that time the bankrupt has remarried, and has children by his second wife. It appears that the bankrupt has used large sums of money in business and otherwise which belonged to his first wife's family, and that the Gem Products Sales Company is one of the ventures financed by them. Annie Macloskey and the bankrupt's daughter appear to have an interest in this company, and the bankrupt receives from them or the company a weekly stipend of $100. It also appears that these relatives have furnished the funds for the bankrupt to buy a house in the City of Philadelphia, which cost around $11,000, and that title thereto is in his name and that of his second wife. Annie Macloskey, administratrix of the estate of bankrupt's first wife, advanced the bankrupt $7,000 or $11,000 and received a general release from him against the estate. Documents

concerning the administration have been destroyed under the impression they were no longer of any use. It is claimed that the net estate was worth only $35,000, but there is other evidence that it was worth considerably more. It is contended that the settlement was in fraud of creditors, and that the bankrupt has an interest in the Gem Products Sales Company out of which comes his weekly stipend. The petitioner claims these alleged assets plus the bankrupt's interest in his residence as part of the estate of bankruptcy.

The certificate of the Referee and his order show that suit against parties other than the bankrupt was disallowed on the ground that they were not within the jurisdiction of the Bankruptcy Court. We believe he has misconceived the proposition involved herein; it is not jurisdictional. That is a technicality which might develop later, but the issue for determination now is when may a creditor require a trustee to bring suit to recover assets of the estate.

■ The duties of a trustee are prescribed by the Bankruptcy Act and include the institution of proceedings when necessary to collect assets of the debtor, but he should not burden the estate with costs and expenses unless there be probable cause at least for believing a right of action exists. In re Meadows, Williams & Co., D. C., 181 F. 911. If a creditor is aware of the existence of property belonging to a bankrupt's estate he should inform the trustee of all he knows on the subject and request him to proceed by suit if necessary to recover it, and if he declines a petition to the court of original jurisdiction would, if a proper case were made, compel him to proceed. Trimble v. Woodhead, 102 U.S. 647, 26 L.Ed. 290. When the trustee is directed to sue he should be indemnified against the costs of litigation. Casey v. Baker, D.C., 212 F. 247; In re Bailey, D.C., 151 F. 953. On the other hand, it is held that the creditor may sue when the trustee refuses to act, provided it is maintained in the name of the trustee and by order of court. Gochenour v. George & Francis Ball Foundation, D.C., 35 F.Supp. 508.

■ If it were apparent on the face of the record that no cause of action exists the court, of course, would decline to authorize suit. The vast number of cases, however, will fall without this category. We should not predetermine questionable cases and close the door to the determination of rights, particularly since the proposed defendants may defend on the merits at trial, and the risk of costs are upon the creditor.

■ In this case there is not convincing evidence that the trustee will be successful but there is a color of an action asserted. It is not for this court now to adjudicate the merits of the contemplated action. Therefore we remand this matter to the Referee to hear the parties upon the amount and form of indemnification whereupon the applying creditors may bring their action in the name of the trustee.

An order should be taken in conformity herewith.