**In re Charles Frederick GERSON aka Chuck Gerson, Debtor.**

**Richard HAUX, Plaintiff/Appellee,**

v.

**Charles Frederick GERSON, Stan Gerson, et al., Defendants/Appellants.**

**BAP No. SC–82–1427–AsVE.**
**Adv. Nos. C81–1590–M, C81–1591–M.**
**Bankruptcy No. 81–02752–M.**

United States Bankruptcy Appellate Panels for the Ninth Circuit.

Submitted Aug. 8, 1983.

Decided Dec. 29, 1983.

Lawrence C. Meyerson, Rosen, Wachtell & Gilbert, Los Angeles, Cal., for defendants/appellants.

David L. Osias, Gary, Cary, Ames & Frye, San Diego, Cal., for plaintiff/appellee.

Before ASHLAND, VOLINN and ELLIOTT, Bankruptcy Judges.

## OPINION

CALVIN K. ASHLAND, Bankruptcy Judge:

The debtor appeals a judgment setting aside a fraudulent transfer for the benefit of the bankruptcy estate. We affirm.

## BACKGROUND

A creditor, Richard Haux, filed two complaints. One objected to the discharge of the debtor on the ground that the debtor transferred assets with intent to hinder, delay, and defraud creditors. The other complaint sought to set aside a transfer by the debtor of 43,700 shares of stock to the debtor's brother for $500 as a fraudulent conveyance.

The bankruptcy judge found that the debtor had satisfactorily explained the disposition of his assets and granted a discharge. He determined that the transfer of the stock was made without fair consideration and rendered the debtor insolvent, and ordered the stock returned to the bankruptcy trustee for the benefit of the estate. The debtor appeals from the latter determination.

The transferee also may be an appellant. The notice of appeal states that the debtor and transferee appealed. Thereafter, for the most part, the briefs refer to the debtor, only, as appellant.

## DISCUSSION

The debtor Charles Gerson was the transferor of the fraudulent conveyance. After the transfer the debtor did not possess the stock because it is in the possession of his brother, the transferee.

*Elliott v. Glushon,* 390 F.2d 514 (9th Cir. 1967), considered whether, under relevant sections of the Bankruptcy Act, recovery is proper against one who did not receive the property involved in an allegedly voidable transaction. The trustee sought to recover against the attorney for the bankrupt who acted as an escrow holder and attorney for the participants in a transfer of property from the bankrupt. It was held that the trustee was not entitled to recover from the attorney because he never received an interest in the property. The court stated that the purpose behind the fraudulent transfer sections of the Bankruptcy Act was to preserve assets of the bankrupt not to render civilly liable all persons who may have contributed in some way to the dissipation of those assets.

█ Moreover, it taxes logic to seek recovery from the transferor. The order of the trial court in this case did not affect the debtor. Therefore, the debtor as transferor is not a party from whom recovery can be sought, is not a proper defendant, and not a proper appellant. The appeal should be dismissed.

█ In the event the transferee is an appellant we discuss the issues raised. The record supports the trial court's conclusions that the debtor was insolvent at the time of transfer and that the transfer was for less than adequate consideration.

The debtor's financial statement showed insolvency. A judgment creditor was unable to execute on its judgment or garnish the debtor's wages. During an examination the debtor said he had no assets.

Testimony showed the stock to be worth $142,000 by the stream of income method. The debtor had valued the stock at $100,000 in his personal financial statement. Three months after the transfer 10,500 shares of the stock of the corporation were sold for $3,000.

The trial court's conclusion as to insolvency and that a transfer of 43,700 shares of stock for $500 is not adequate consideration are not clearly erroneous.

The judgment as to the transferee is affirmed.