**In re Richard F. TEAL, Sr., Debtor.**

**Albert SKINNER, Plaintiff,**

**v.**

**Richard F. TEAL, Sr., Defendant.**

**Bankruptcy No. 81–00435G.**
**Adv. No. 82–2903G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Jan. 5, 1984.

G. Alexander Bochetto, Philadelphia, Pa., for plaintiff, Albert Skinner.

Mark S. Lohbauer, Philadelphia, Pa., for debtor/defendant, Richard F. Teal, Sr.

Jonathan H. Ganz, Pincus, Verlin, Hahn, Reich & Goldstein, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

A creditor has commenced an action to bar the discharge of a debt under 11 U.S.C. § 523(a)(2)(A) and to avoid an allegedly fraudulent conveyance pursuant to 11 U.S.C. § 548. For the reasons related herein, we will deny both requests for relief.

The facts of the case are as follows:[1] In 1974 the debtor first employed Albert Skinner ("Skinner") as an independent contractor for the purpose of repairing and renovating his home. Skinner, believing that the state of the debtor's finances was questionable, required the debtor to provide some type of assurance that he would be paid for the project. They settled on a plan whereby the debtor drafted and delivered to Skinner numerous checks which were pre-dated with the dates corresponding to the scheduled completion of various aspects of the renovation of the house. Upon delivery of the checks, the debtor assured Skin-

ner that there would be adequate funds to cover them as they became due. Although the first few checks cleared the bank without problems, several later checks were returned without payment due to insufficient funds. After the debtor was assessed charges by the bank for the return of these checks, he closed the account and opened another. There is insufficient evidence to establish that the debtor acted with intent to defraud Skinner.

The debtor filed a petition for the adjustment of his debts under chapter 13 of the Bankruptcy Code on February 6, 1981, although the case has since been converted to a chapter 7 proceeding. After the filing of the petition, the debtor transferred a parcel of realty, which had been owned solely by him, to himself and a woman he asserts in his wife, as tenants by the entireties.

Skinner asserts that his claim against the debtor should not be discharged due to § 523(a)(2)(A). In relevant part § 523(a) states that "[a] discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt ... for obtaining money, property, services, or an extension, renewal, or refinancing of credit by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition...." In order to prevail on an action brought under this provision, the debtor must prove that:

(1) the debtor made the representations;

(2) That at the time he knew they were false;

(3) That he made them with the intention and purpose of deceiving the creditor;

(4) that the creditor relied on such representations;

(5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made.

*Houtman v. Mann*, 568 F.2d 651, 655 (9th Cir.1978) (enumerating elements of action under § 17a(2) of the Bankruptcy Act of

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

1898 which is the precursor to § 523(a)(2)(A)) (italics eliminated); *Berk v. Stewart* (*In Re Stewart*), 10 B.R. 214, 217 (Bkrtcy.C.D.Cal.1981) (listing the same elements for § 523(a)(2)(A)); *Plummer v. Gillespie* (*In Re Gillespie*), 11 B.R. 167, 169 (Bkrtcy.D.Ore.1981) (same); *Butler Manufacturing Co., Inc. v. Vissers* (*In Re Vissers*), 21 B.R. 638, 639 (Bkrtcy.E.D.Wis.1982) (same). As stated above we hold that there is insufficient evidence to indicate that the debtor acted with intent to defraud Skinner. The mere fact that the debtor assured Skinner that the account would contain adequate funds to cover the checks when Skinner would ultimately cash them, is insufficient for us to infer that the debtor intended to deceive the creditor.

Skinner also urges us to apply § 548 of the Code to set aside the debtor's conveyance of his property to himself and his putative wife. Quite simply, by its terms, § 548 is limited to avoidance actions brought by the trustee. Skinner, of course, is not the trustee and relief on this claim must be denied.