In re AMAREX, INC., Enrex, Inc., Amarex Funds of Delaware, Inc., Amarex Energy Development, Inc., and Amarex Gas Transportation Co., Inc., Debtors.

The UNSECURED NOTEHOLDERS' COMMITTEE; The Northern Trust Company and Seattle-First National Bank, Plaintiffs,

v.

The FIRST NATIONAL BANK AND TRUST COMPANY OF OKLAHOMA CITY; Continental Illinois National Bank and Trust Company of Chicago; Security Pacific National Bank, and InterFirst Bank of Dallas, N.A., Defendants.

Bankruptcy Nos. Bk–82–02335A and Bk–82–02414 to Bk–82–02417. Adv. No. 83–0989.

United States Bankruptcy Court, W.D. Oklahoma.

Jan. 16, 1984.

---

John L. King of Rochelle, King & Balzersen, Dallas, Tex., Robert O. Isaac, Gen. Counsel and David Kline of Kline & Kline, Oklahoma City, Okl., for debtors.

Frank R. Monroe of Sheinfeld, Maley & Kay, Houston, Tex., for defendants.

Louis J. Price of McAfee & Taft, Oklahoma City, Okl., for Official Trade Creditors' Committee.

Henry Simon and Luis F. Maura, Jr. of Simon, Anisman, Doby, Wilson & Liles, Fort Worth, Tex., for Official Unsecured Noteholders' Committee.

W. Rogers Abbott II, Oklahoma City, Okl., for Seattle-First Nat. Bank.

### MEMORANDUM DECISION AND ORDER

RICHARD L. BOHANON, Bankruptcy Judge.

The plaintiffs in this matter, the Official Unsecured Noteholders' Committee and some members thereof, the Northern Trust Company and Seattle-First National Bank, brought their complaint to avoid preferential transfers pursuant to 11 U.S.C. § 547. The defendants subsequently moved to dismiss the complaint on several grounds challenging plaintiffs' standing to sue.

The Unsecured Noteholders' Committee was appointed in April, 1983, and the other plaintiffs are members of that Committee. They seek to bring this adversary proceeding pursuant to 11 U.S.C. §§ 105, 1103, 1107 and 1109. The complaint seeks to avoid transfers of security interests in property having a value of approximately $45 million.

We recently addressed a question similar to the one presented by the instant proceeding in *In re George Rodman, Inc.*, 33 B.R. 348 (Bkrtcy.W.D.Okl.1983). There we had occasion to interpret the statutory language of section 1109(b), one of the primary provisions relied on by the plaintiffs here.

In *Rodman* we distinguished the right of a committee to intervene in a "case" as opposed to a "proceeding" pursuant to § 1109(b). We noted that "[s]ection 1109(b) ... says a committee may appear in a case under Chapter 11 of the Code. Interestingly it does not also say that the committee can intervene in a proceeding arising in or related to a case." *Id.* at 349. Likewise, we hold that section 1109(b) applies to instances where a committee not only seeks to intervene, but when a committee acts to initiate an adversary proceeding. Consequently, we hold that § 1109(b), while affording a committee the opportunity to actively participate in cases, does not give the plaintiffs an implied right to initiate an adversary proceeding.

■ The plaintiffs rely also on sections 105, 1103 and 1107 as authority to commence this adversary proceeding. Upon review of these sections of the Code we conclude that the Committee's reliance on them is misplaced. Section 105 is clearly delineated as *powers of the court* and no independent authority to act is provided any party absent an order from the Court. Moreover, this particular section is reserved for special or emergency situations necessary to carry out provisions of title 11 and should only be exercised with great care. *See* L. King, *Collier on Bankrupty* ¶ 105.03 at 105–7 (15th ed. 1983).

■ Similarly, we fail to find any authority under section 1107 to support plaintiffs' standing. That section refers to the rights, powers and duties of the debtor in possession and no indication is given that such rights or powers may be imputed to a committee appointed in a reorganization case. *In re Segarra,* 14 B.R. 870 (Bkrtcy.D.P.R. 1981). Accordingly, this section of the Code is also rejected as providing a basis of authority for the plaintiffs action in commencing this suit.

■ The final statutory authority which the plaintiffs depend upon to allow initiation of this adversary proceeding is section 1103 of the Bankruptcy Code. The pertinent language of that section reads

(c) A committee appointed under section 1102 of this title may—

(5) perform such other services as are in the interest of those represented. 11 U.S.C. § 1103(c)(5).

Based on this language the plaintiffs argue that "[t]his is a very broad concept leaving open any avenue by which a committee can fulfill its fiduciary responsibility to the individuals it represents." However, as the plaintiffs correctly note in their briefs and as cases cited therein reveal, courts have limited the committee's authority to commence actions to those instances where the suit is brought in the debtor's name; where prior court approval was obtained; where the debtor failed unjustifiably to bring suit; or where the debtor ceased to be an active party in the proceedings. *See e.g., In re Evergreen Valley Resort, Inc.,* 27 B.R. 75 (Bkrtcy.D.Maine 1983); *In re Gander Mountain, Inc.,* 29 B.R. 260 (Bkrtcy.E.D.Wis. 1983); *In re Abingdon Realty Co.,* 21 B.R. 290 (Bkrtcy.E.D.Va.1982); *Matter of Allbrand Appliance & Television Co., Inc.,* 24 B.R. 125 (Bkrtcy.S.D.N.Y.1982); *In re Wesco Products Co.,* 22 B.R. 107 (Bkrtcy.N.D.Ill. 1982). The Court has not authorized the committee to bring the instant proceeding nor, for reasons set out below, do we find the committee ought to be permitted to go forward with this action.

The complaint, pursuant to § 547, seeks to set aside liens transferred by the debtors in possession to several creditor "production line" banks. It is asserted by the plaintiffs that the debtors have refused invitations to bring the preference actions themselves for the reason that they are not now ready to proceed with these suits. In addition, the debtors have acknowledged in open court that settlement negotiations are underway with the production line banks with regard to identified preferences.

■ Section 547 appears to give the trustee or debtor in possession the exclusive right to avoid preferential transfers and the language of that section is permissive rather than mandatory. It reads in pertinent part that "[e]xcept as provided in subsection (c) of this section, the *trustee may*

avoid a transfer of property of the debtor ...." 11 U.S.C. § 547(b) (emphasis added). We do not think Congress was careless in selecting the wording of that section nor was there any hesitation in giving avoiding power exclusively to the trustee or debtor in possession. Indeed, the right to avoid preferences may be an instrumental tool most useful in a large reorganization case. The existence of preferences, the ability to bring suits and the point in time which they are brought can be extremely valuable to the trustee or debtor in possession. Its use as a negotiating factor could have more value than a judgment in the overall picture of an effective reorganization. The instant case presents such a potential situation and the committee may not prematurely interfere with these on-going negotiations.

■ We do not suggest that a committee may never be able to sue on behalf of the debtor or trustee. In an appropriate case a committee could seek permission to sue in the name of the trustee where, for example, there exist extenuating circumstances or when the debtor abuses its discretion in its role as trustee for the estate. *See In re Chemical Separations Corp.*, 32 B.R. 816 (Bkrtcy.E.D.Tenn.1983); *In re Gander Mountain, Inc., supra; In re Evergreen Valley Resort, Inc., supra; Matter of Joyanna Holitogs, Inc.*, 21 B.R. 323 (Bkrtcy.S.D.N.Y. 1982). However, these cases are clearly distinguishable on their facts and, in part, conflict with our reasoning in *In re George Rodman, Inc., supra.* Accordingly, the same have no applicability for our purposes here.

■ Finally, there is an additional reason why the plaintiffs action may not be proper. The filing of such a complaint could be deemed to violate the automatic stay provisions of 11 U.S.C. § 362(a)(3) in that it could be an effort to obtain property of or from the estate. As has already been stated, this is the valuable right of the trustee. For this reason as well as those previously noted above we find good grounds for refusing to permit the action brought by the plaintiffs.

Accordingly, the motion to dismiss this complaint shall be and hereby, is granted.