**In re CURRY AND SORENSEN, INC., a California corporation, Debtor.**

**Walter T. HANSEN, Donald F. Rau and Ross H. Buckwalter, Plaintiffs,**

v.

**Kenneth R. FINN and Curry and Sorensen, Inc., a California corporation, Defendants.**

BAP No. CC–85–1009.

Bankruptcy No. LA 84–07761–JA.

Adv. No. LA M4–07770–BR.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted May 16, 1985.

Decided Feb. 7, 1986.

Roger A. Ferree, McCutchen, Black, Verleger & Shea, Los Angeles, Cal., for plaintiffs.

Peter S. Fishman, LeVene & Eisenberg, Los Angeles, Cal., for defendants.

Before MEYERS, ABRAHAMS and VOLINN, Bankruptcy Judges.

JOHN W. MEYERS, Bankruptcy Judge:

## I

On August 28, 1984, the appellants Walter T. Hanson, Donald F. Rau and Ross H. Buchwalter ("Appellants") filed a complaint naming the Debtor, Curry and Sorenson, Inc. ("Debtor") and its President Kenneth R. Finn ("Finn") as defendants. In this complaint the Appellants seek to void the Debtor's issuance of 75,000 shares of its capital stock to Finn, claiming it was a fraudulent transfer under Section 548 of the Bankruptcy Code ("Code"); to void these shares under Section 409 of the California Corporations Code; and to have injunctive relief restraining Finn from exercising any rights as the holder of these shares.

On September 14, 1984, the Debtor filed a motion to dismiss the complaint on the grounds that the Appellants lacked standing to bring the action under Section 548 and that the complaint failed to state a claim upon which relief could be granted.

The Bankruptcy Court heard this matter on October 17, 1984 and subsequently filed a memorandum decision finding that the complaint should be dismissed as the Appellants lacked standing. On November 8, 1984, the Appellants filed a "Motion for Clarification or, in the Alternative, for Reconsideration of the Decision." However, on November 20, 1984, the Bankruptcy Court filed its order dismissing the complaint.

On December 5, 1984, a hearing was held on the Appellant's motion for clarification or reconsideration. On December 13, 1984, the order affirming the decision of November 20, 1984 was entered with the notice of appeal being filed by the Appellants on December 20, 1984.

On April 17, 1985, the Debtor filed a motion with the Panel to dismiss this appeal for lack of jurisdiction on the grounds that the notice of appeal was not timely filed.

## II

## DISCUSSION

### A. TIMELINESS OF NOTICE OF APPEAL

Under Bankruptcy Rule 8002(a) a notice of appeal must be filed within 10 days of the date of the entry of the judgment, order or decree appealed from. *See Matter of Ramsey*, 612 F.2d 1220, 1221 (9th Cir.1980). The time limits established for filing a notice of appeal are "mandatory and jurisdictional." *See Browder v. Director, Ill. Dept. of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978); *United Artists Corp. v. La Cage Aux Folles, Inc.*, 771 F.2d 1265, 1267 (9th Cir.1985).

In this case the Bankruptcy Court's order was filed on November 20, 1984, while the notice of appeal was not filed with the Bankruptcy Court Clerk until December 20, 1984, well outside the 10–day time bar established by Rule 8002(a). The Appellants argue, however, that their motion for clarification or reconsideration acted to toll the time for appeal under Rule 8002(b). This rule provides, in part, that the time to appeal is tolled by a timely filed motion to alter or amend a bankruptcy court's judgment filed under Rule 9023. *In re Lovitt*, 757 F.2d 1035, 1039 n. 2. (9th Cir.1985). *See also In re 6 & 40 Inv. Group, Inc.*, 752 F.2d 515, 516 (10th Cir.1985). Such motions are the equivalent of those filed under Rule 59(e), Fed.R.Civ.P., which is made

applicable to bankruptcy cases by Rule 9023. *See In re Branding Iron Steak House*, 536 F.2d 299, 301 n. 1 (9th Cir.1976); *In re Morrison*, 26 B.R. 57, 60 (Bkrtcy.N. Ohio 1982).[1]

The federal rules do not contemplate motions for reconsideration. *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir.1979); *In re Morrison, supra*, 26 B.R. at 60. However, there is a policy of liberally construing appellate rules to carry out the desire of Congress to promote fairness in the administration of justice and a just determination of litigation. *Bordallo v. Reyes*, 763 F.2d 1098, 1102 (9th Cir.1985). Therefore, motions for reconsideration have traditionally been treated as motions to alter or amend under Rule 59(e), Fed.R.Civ.P., if the motion draws into question the correctness of the trial court's decision. *See In re Branding Iron Steak House, supra*, 536 F.2d at 301; *Bestran Corp. v. Eagle Comtronics, Inc.*, 720 F.2d 1019 (9th Cir.1983); *In re 6 & 40 Inv. Group, Inc., supra*, 752 F.2d at 515–16.

 Here the Bankruptcy Court announced its decision on November 5, 1984. The Appellants filed their motion for reconsideration on November 8, 1984. The Court filed the order dismissing the complaint on November 20, 1984. The motion was heard on December 5, 1984 and the order affirming the order of November 20 was filed on December 13, 1984. The notice of appeal was filed on December 20, 1984. We hold that the motion for reconsideration tolled the time for filing the notice of appeal until the trial court's order of December 13, 1984 was entered. *See In re Lovitt, supra*, 757 F.2d at 1039 n.2.[2] Therefore, the notice of appeal was timely filed and this Panel has jurisdiction to consider this appeal.

## B. DISMISSAL OF COMPLAINT

The Appellants, the former owners of the Debtor, currently are creditors of the Debtor and own 5,373 shares of the Debtor's capital stock. The remaining 75,000 shares of the outstanding stock are held in the name of the Debtor's president, the defendant Finn. The Appellants filed the complaint in question here to challenge the February 6, 1984, issuance of the stock to Mr. Finn. In the Bankruptcy Court, the Debtor moved to dismiss the complaint on the grounds that the Appellants lacked standing and that the complaint failed to state a proper claim. The trial court granted this motion, ordering that the complaint be dismissed for lack of standing.

In reviewing the order dismissing this complaint, the Panel notes that the Appellants have the burden of proving that they had standing to bring this action. *See Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 45, 96 S.Ct. 1917, 1927, 48 L.Ed.2d 450 (1976); *Copper & Brass Fabricators v. Dept. of Treasury*, 524 F.Supp. 945, 947 (D.C.1976), *aff'd*, 679 F.2d 951 (D.C.Cir.1982).

In the first claim of the complaint the Appellants seek to have the transfer of the 75,000 shares to Mr. Finn set aside as a fraudulent transfer under 11 U.S.C. § 548. Section 548 establishes power to avoid fraudulent transfers, which usually may only be asserted by a trustee or, under Section 1107(a) of the Code, by a Chapter 11 debtor-in-possession. *See In re Van Brock*, 33 B.R. 546, 547 (S.Fla.1983). Individual creditors generally have no remedy to institute such an action except through the trustee or debtor-in-possession. *See In re Teal*, 35 B.R. 360, 362 (Bkrtcy.E.Pa. 1984); *In re Philadelphia Light Supply*

---

**1.** A timely Rule 59(e) motion tolls the time for appeal under Rule 4(a) of the Fed.R.App.P. *Browder v. Director, Ill. Dept. of Corrections, supra*, 434 U.S. at 264, 98 S.Ct. at 561; *Vreeken v. Davis*, 718 F.2d 343, 346 (10th Cir.1983). Such motions can be used to challenge an order dismissing a complaint. *See Roque v. City of Redlands*, 79 F.R.D. 433, 435 (C.Cal.1978).

**2.** We note that the motion in question was actually filed prior to the entry of the order dismissing filed on November 20, 1984. It was appropriate for the Bankruptcy Court to consider the motion even though it was prematurely filed. *See Smith v. Hudson, supra*, 600 F.2d at 62; *Calculators Hawaii, Inc., v. Brandt, Inc.*, 724 F.2d 1332, 1335 (9th Cir.1983); *Katcoff v. Marsh*, 582 F.Supp. 463, 477 (E.N.Y.1984).

*Co.*, 39 B.R. 51, 52 (Bkrtcy.E.Pa.1984) (complaint under section 547).

■ This limitation on creditor action is cushioned by the duty imposed on a trustee to investigate the conduct of prior management to uncover and pursue causes of action against the debtor's officers and directors. *Commodity Futures Trading Comm'n v. Weintraub,* ── U.S. ──, 105 S.Ct. 1986, 1993, 85 L.Ed.2d 372 (1985). While pursuant to Section 1107(a) of the Code, a debtor in possession is not required to investigate and report under Sections 1106(a)(3) and (4), the debtor's directors bear essentially the same *fiduciary* obligation to creditors and shareholders as would a trustee for a debtor out of possession. *Weintraub, supra,* 105 S.Ct. at 1994–95.

■ The exclusive power to commence avoidance actions vested in trustees and debtors-in-possession is permissive rather than mandatory and the exercise of this power can only be reviewed for abuse of discretion. *See Matter of Monsour Medical Center,* 5 B.R. 715, 718 (Bkrtcy.W.Pa. 1980); *In re Amarex, Inc.,* 36 B.R. 59, 61 (Bkrtcy.W.Okla.1984). If a creditor is dissatisfied with lack of action on the part of the debtor-in-possession, the creditor may move to replace the debtor-in-possession with a Chapter 11 trustee; or to convert the Chapter 11 case to one under Chapter 7; move to dismiss the Chapter 11 case; or petition the court to compel the debtor-in-possession to act or to gain court permission to institute the action itself. *See Matter of Monsour Medical Center, supra,* 5 B.R. at 718.

■ Thus, if an aggrieved creditor believes that the debtor-in-possession has failed to fulfill its duty to prosecute actions, then the creditor must bring this to the attention of the court by an appropriate motion. This promotes the fair and orderly administration of the bankruptcy estate by providing judicial supervision over the liti-

gation to be undertaken. *See Meyer v. Fleming,* 327 U.S. 161, 169, 66 S.Ct. 382, 387, 90 L.Ed. 595 (1946); *Gochenour v. George & Francis Ball Foundation,* 35 F.Supp. 508, 518 (S.Ind.1940). This judicial intervention is crucial, for resolution of the conflict between the creditor and the debtor-in-possession requires a balancing of the competing interests to determine whether or not the debtor-in-possession's failure to bring the action is unjustifiable and therefore constitutes an abuse of discretion. *See In re Toledo Equipment Co., Inc.,* 35 B.R. 315, 319 (Bkrtcy.N.Ohio 1983). At such a hearing the court can determine if the initiation of such an action at that time would forward the reorganization effort, or to the contrary, might be a detriment. Here the Appellants made no attempt to bring this matter to the attention of the Bankruptcy Court before commencing this action. The mere fact that the Debtor failed to institute such proceedings did not authorize them to proceed in their own names and upon their own behalf. *See Gouhenour v. George & Francis Ball Foundation, supra,* 35 F.Supp. at 517.

This Panel is not oblivious to the difficulty in gaining the cooperation of a debtor-in-possession to act against its own responsible officer, no matter how meritorious the cause of action may be. *See James V. Steifer Mining Co.,* 35 Cal.App. 778, 785, 171 P. 117 (1918). However, in order to avoid the confusion that would result if creditors could act on their own discretion, the Appellants should have sought court permission before filing a complaint urging relief under Section 548 of the Code.[3] *See In re Scientific Resources Corporation,* 391 F.Supp. 63, 67 (E.Pa.1975).

■ Further, the complaint here is improperly styled with the Appellants themselves being named as plaintiffs. An action to set aside a fraudulent transfer must be brought in the name of the bankruptcy

---

3. It should be noted that even creditors' committees organized under 11 U.S.C. § 1102 must also secure prior court approval before instituting such suits. *See In re Amarex, Inc., supra,* 36

B.R. at 61, 62. *See also Fuel Oil Supply and Terminaling v. Gulf Oil Corp.,* 762 F.2d 1283, 1287 (5th Cir.1985).

estate as the real party in interest. *See In re Macloskey*, 66 F.Supp. 610, 612 (N.J. 1946); *In re Toledo Equipment Co., Inc., supra*, 35 B.R. at 317.

We therefore hold that the trial court was correct in dismissing the first claim for relief as the Appellants had no standing to pursue that action under section 548 without prior court approval.[4]

As an alternative basis for our decision, we find that the First Claim does not state a claim upon which relief could be granted.[5] An action brought under Section 548 of the Code seeks to avoid a transfer of "an interest of the debtor in property, or any obligation incurred by the debtor," which is the product of a fraudulent transfer. The appellant's First Claim attacks the transfer of 75,000 shares of the Debtor's capital stock to Finn.

▪ A share of capital stock represents a unit of ownership interest and has no extrinsic value to the corporation itself. *See In re Whitaker*, 18 B.R. 314, 316 (Bkrtcy.Kan.1982); *Feiring v. Gano*, 114 Colo. 567, 168 P.2d 901, 905 (Colo.1946). Since an action directed at recovery of corporate stock could only affect equitable ownership of the corporation and would not restore property to the estate or avoid an estate obligation, then it is not a transfer subject to question under Section 548. *See KDI v. Former Shareholders of Labtron of America*, 536 F.2d 1146, 1149 (6th Cir. 1976); *Matter of Paso Del Norte Oil Co.*, 755 F.2d 421, 424 (5th Cir.1985); *Matter of Calamity Jane's, Inc.*, 22 B.R. 5, 7 (Bkrtcy. N.J.1982). *But see Courtney v. Youngs*, 42 Am.Bankr.Rpt. 67, 71 (Mich.1918).

Appellants also appeal the Bankruptcy Court's order dismissing the Second and Third causes of action. In their Second Claim the Appellants allege that cancellation of two $10,000 bonuses that had earlier been awarded Finn, did not constitute valid consideration under Section 409 of the California Corporations Code, supporting the issuance of 75,000 shares of the Debtor's capital stock to him. In their Third Claim they seek to restrain Finn from exercising any rights or taking any action as the holder of these 75,000 shares, which represent majority control of the Debtor.

▪ In considering the Appellant's standing to bring an action under Section 409 we must refer to Section 544 of the Code. Under Section 544, a debtor-in-possession holds the full gamut of remedies that applicable state law makes available to any creditor of the debtor. *See Carlton v. BAWW, Inc.*, 751 F.2d 781, 785 (5th Cir. 1985); *In re Louisiana Indus. Coatings, Inc.*, 31 B.R. 688, 692 (Bkrtcy.E.La.1983). However, Section 544 is also limited to actions to avoid transfers of "property of the debtor" or "obligation incurred by the debtor." As this cause of action is not to retrieve property or void an obligation, then the debtor-in-possession is not entitled to pursue the action for the estate. The debtor-in-possession having no interest in the claim, then the Appellants are not required to defer to the representative of the estate and, therefore, have the necessary standing to bring this action in their own names.[6]

As the Second Cause of action is brought under Section 409 of the California Corporations Code by a party with standing, then the Bankruptcy Court erred in dismissing it and the related claim for injunctive relief

---

4. Of course, such a dismissal is without prejudice to an action being maintained by an appropriate party. *See McCarney v. Ford Motor Co.*, 657 F.2d 230, 233 (8th Cir.1981); *In re Van Brock, supra*, 33 B.R. at 547. The debtor would not be a proper defendant in such an action as the transferor is not a party from whom recovery can be sought. *See In re Gerson*, 35 B.R. 129, 130 (9th Cir. BAP 1983).

5. This Panel can affirm an order on any ground clearly-presented in the record. *See City of Las

*Vegas, Nev. v. Clark County, Nev.*, 755 F.2d 697, 701 (9th Cir.1985); *United States v. $129,374 in U.S. Currency*, 769 F.2d 583, 586 (9th Cir.1985).

6. Under California law the debtor corporation should be concerned in the cancellation of improperly issued certificates of stock. *See James V. Steifer Mining Co., supra*, 35 Cal.App. at 784, 171 P. 117. Thus, it is appropriate to name the debtor as a party to this action.

prayed for in the Third Cause stated in this complaint. *See In re Burton Coal Co.*, 126 F.2d 447, 448 (7th Cir.1942); *Matter of SCK Corp.*, 54 B.R. 165 (Bkrtcy.N.J.1984).

### III

### CONCLUSION

The Panel has considered this timely filed appeal and holds that the Bankruptcy Court's order dismissing the First Cause of action is AFFIRMED, while the order dismissing the Second and Third Causes is REVERSED and the case REMANDED for further proceedings on these claims.