846 F.2d 477
 Bankr. L. Rep. P 72,287
NEBRASKA STATE BANK, Appellant,
v.
Lowell JONES; Wauneta Jones; Carolyn Sue Jacobs; Duane
Jacobs, Appellees.
NEBRASKA STATE BANK, Appellant,
v.
Lowell JONES; Wauneta Jones; La Rue Kay Marshall and
Carolyn Sue Jacobs, Appellees.
 Nos. 87-2269, 87-2270.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 22, 1988.
Decided May 3, 1988.
 
 Trev E. Peterson, Lincoln, Neb., for appellant.
 Joseph H. Badami, Lincoln, Neb., for appellees.
 Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Nebraska State Bank appeals from two final orders entered by the District Court[1] for the District of Nebraska dismissing its actions, brought in conjunction with a bankruptcy proceeding, which sought to set aside allegedly fraudulent conveyances of property. For reversal, appellant argues the district court erred in holding that, under the bankruptcy code, appellant lacked the power to bring such actions. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 Appellees Lowell A. Jones and Wauneta Jones were debtors and appellant was a creditor in a Chapter 11 proceeding in United States Bankruptcy Court for the District of Nebraska. In that court, appellant filed two adversary proceedings, based upon Nebraska's Uniform Fraudulent Conveyance Act, Neb.Rev.Stat. Secs. 36-601 to -613 (1984), naming as defendants the Joneses, their daughters, and son-in-law to whom the Joneses had conveyed real and personal property prior to filing their bankruptcy petition. The complaints asked the bankruptcy court to set aside the conveyances as fraudulent. The actions were transferred to the district court after appellees filed motions to dismiss.
 
 
 3
 The district court concluded that appellant's actions were improper, reasoning as follows:
 
 
 4
 The bankruptcy code does not give a creditor the power directly to pursue a cause of action to set aside a fraudulent conveyance, although the code provides for such action to be taken by a trustee in bankruptcy under 11 U.S.C. Secs. 548 and 544. Under section 544(b), the bankruptcy code provides a mechanism by which the trustee in bankruptcy can pursue a creditor's valid state law claim against the debtor.... Although the debtors in the present case are acting as debtors in possession and the court has not been requested to appoint a trustee, there are procedures whereby an "interested party" may seek to have a trustee appointed for cause under the bankruptcy code. 11 U.S.C. Sec. 1104(a).
 
 
 5
 Nebraska State Bank v. Jones (In re Jones), Ch. 11 Case No. BK 86-715, Adv. Nos. CV87-0-376 and CV87-0-377, slip op. at 3-4 (D.Neb. Aug. 14, 1987). The district court accordingly dismissed appellant's complaints without prejudice. Id. at 5.
 
 
 6
 Appellant concedes it could not have initiated these actions in state court without first obtaining relief from the automatic stay provision of 11 U.S.C. Sec. 362. Appellant argues nonetheless, that its actions do not rely on any provision of the bankruptcy code, but only upon the state statute. However appellant chooses to describe its approach, we agree with the district court that appellant in effect seeks to invoke the avoidance power of 11 U.S.C. Sec. 544. This it may not do because, as a single creditor, appellant lacks standing. See Saline State Bank v. Mahloch, 834 F.2d 690, 694-95 (8th Cir.1987) (single creditor lacked standing to avoid perfection of lien under Sec. 544).
 
 
 7
 Where no trustee has been appointed and the debtor in possession has not exercised its avoidance powers, a dissatisfied creditor has several options:
 
 
 8
 the creditor may move to replace the debtor-in-possession with a Chapter 11 trustee; or to convert the Chapter 11 case to one under Chapter 7; move to dismiss the Chapter 11 case; or petition the court to compel the debtor-in-possession to act or to gain court permission to institute the action itself.
 
 
 9
 Id. at 695 (quoting In re Curry & Sorensen, Inc., 57 B.R. 824, 828 (9th Cir. BAP 1986)). Appellant failed to pursue any of these options; we will not assume, as appellant does, the futility of doing so.
 
 
 10
 Accordingly, the order of the district court is affirmed.
 
 
 
 [1]
 The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska