In re AMARIS
CORPORATION, Debtor.

TINTILLO FRANCHISE &
ASSOCIATES, INC.,
Movant,

v.

AMARIS CORPORATION,
Respondent–Appellant.

Civ. No. 87–1051 GG.

United States District Court,
D. Puerto Rico.

June 15, 1988.

Jorge A. Antongiorgi, Enrique Nassar Rizek Law Offices, Hato Rey, P.R., for Movant.

Jose M. Rocafort Bustelo, Santurce, P.R., for respondent-appellant.

## OPINION AND ORDER

GIERBOLINI, District Judge.

This is an appeal from an order entered by the bankruptcy court which modified the automatic stay so that unsecured creditor Tintillo Franchise & Associates, Inc. (Tintillo) would be able to proceed with an ongoing unlawful detainer proceeding against debtor in state court. The debtor, Amaris Corporation (Amaris), has appealed from the order modifying the automatic stay.

First, appellee alleges that this appeal is untimely. The order appealed was announced from the bench by the Bankruptcy Court on April 14, 1987. Appellant filed a motion for reconsideration on April 23, 1987, which was denied on July 10, 1987. On July 17 appellant filed the notice of appeal. Appellee contends that since

the motion for reconsideration was denied without being entertained by the bankruptcy court, it did not toll the period for the filing of the appeal. We shall review the applicable law.

Bankruptcy Rule 8002 establishes a ten-day period to appeal to this court the judgments, orders or decrees of the bankruptcy court.

> The time limits established for filing a notice of appeal are mandatory and jurisdictional. See *Browder v. Director Ill. Dept. of Corrections,* 434 U.S. 257, 264 (1978).

*Hansen v. Finn (In re Curry & Sorensen, Inc.),* 57 B.R. 824, [98 S.Ct. 556, 560–61, 54 L.Ed.2d 521] 14 C.B.C.2d 606 (9th Cir.B.A. P.1986).

Rule 8002(b) provides for the tolling of that period if, *inter alia,* a motion to alter or amend judgment under Rule 9023 (which incorporates Fed.R.Civ.P. Rule 59(e)) is timely filed.

> Any motion that draws into question the correctness of the judgments is functionally a motion under Civil Rule 59(e), whatever its label. Thus a motion to "reconsider" ... is a motion under Rule 59(e), and under Bankruptcy Rule 8002(b) will postpone the time for appeal if the motion was timely made. 9 Collier *On Bankruptcy,* 15th ed. ¶ 8002.06, p. 8002–13.

Thus, according to Collier, the motion to reconsider filed by appellant in the Bankruptcy Court would interrupt the period to appeal. Moore, on the other hand, states that the mere making of a postjudgment motion does not terminate the time for appeal, unless the court entertains the motion. "If the court refuses to entertain the motion and the time for appeal has passed, no appeal will be." 9 Moore's *Federal Practice,* ¶ 204.12[6], p. 4–88.

We hold that the more just rule is that the filing of a motion for reconsideration interrupts the time for appealing, regardless of whether it is entertained by the court. A contrary result would leave litigants with no choice but to file within the ten-day period both a motion for reconsideration and an appeal, so that if their mo-

tion is not entertained by the court, their appeal would still be timely.

Having found we have jurisdiction, we proceed to consider the merits of this appeal.

■ Appellant Amaris (lessee) and appellee Tintillo (lessor) were parties to a lease agreement. Since appellant defaulted on the lease payments and on the common expenses it had agreed to assume, appellee instituted an unlawful detainer and ejection proceeding in the Superior Court of Puerto Rico. In a well reasoned and well supported opinion, the Superior Court Judge ordered lessee to pay lessor $24,698 for common expenses in arrears and the monthly rent of December, 1986, which was due. The court granted lessee twenty days from the day the judgment became final to pay the debt or be ejected from the property. A copy of the notification of this order was filed on January 9, 1986, which means that the order became final and definitive on February 9, 1986. Unlawful Detainer Act, § 14, 32 L.P.R.A. § 2834; Rule 53.1 of the Puerto Rico Rules of Civil Procedure, 32 L.P.R.A.App. III R. 53.1; *Andino v. Fajardo Sugar,* 82 P.R.R. 81, 90 (1961). Therefore, appellant had until February 29 to pay its debt or be ejected from the property. Appellant filed for bankruptcy on February 25. Appellant argues that, since the ejection proceedings had not been completed when it filed for bankruptcy, the judgment was not final and, thus, the lease had not been terminated. This allegation is not in accordance with state law.

> The pertinent statutory section provides: A judgment declaring that the action of unlawful detainer may be maintained shall order the ejectment of the defendant within the following periods, computed from the time the judgment becomes final. Forty days, where a family residence or dwelling house is involved. Twenty days in all other cases.

Code of Civil Procedure, 1933, § 635; 32 L.P.R.A. § 2835.

The mere reading of the statute indicates that the period for ejectment does not extend the finality of the judgment. While

appellant could have paid the amount due between February 9 and February 29, it could not have appealed the judgment during that period because it had become final on February 9. Consequently, the Superior Court judgment was final and firm on February 25, the time of the bankruptcy filing.

Appellant further argues that even assuming that it was final, the judgment does not constitute a termination of the lease contract since unlawful detainer proceedings do not terminate the lease contracts. This allegation is contrary to state law. In the recent case of *Mora Development Corp. v. Angel L. Sandín e Hilda González de Sandín*, 87 J.T.S. 39, at page 4879, n. 6, the Supreme Court of Puerto Rico stated that "what happens is that this action (unlawful detainer)—which according to the commentators is of a *sui generis* polymorphism—has a resolutory character of the contract. 'Comes here the action of eviction, not as a natural and forced consequence of the extinguished contract, but linked to the contract in force.' Scaevola, *Comentarios al Código Civil y Compilaciones Forales*, Editorial Revista de Derecho Privado, Madrid 1980, T. XXIV(1), Ed. revisada, p. 619. In the cause for eviction we are dealing with—lack of payment—eviction is above all rescission; then ejection. The action of eviction has engrained the action of resolution. *See also, Campos v. Tribunal Superior*, 75 D.P.R. 370, 376 (1953)." (Translation ours).

Appellant raises other arguments attacking the merits of the judgment of the Superior Court of Puerto Rico's eviction proceeding. Appellant never appealed that judgment, so it is now final and firm. Therefore, it is *res judicata* and cannot be relitigated before this court. *Futura Development Corp. v. Centex Corporation*, 761 F.2d 33, *cert. denied*, 474 U.S. 850, 106 S.Ct. 147, 88 L.Ed.2d 121 (1985).

Wherefore, the bankruptcy court's order is affirmed and therefore, this appeal is dismissed.

SO ORDERED.