FILED

FEB 03 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   CC-11-1274-MkCaPa |
| CARLOS MAGANA LOPEZ and ROSE M. ZUNIGA, | Bk. No.   RS 10-50387-SC |
| Debtors. | Adv. No.   RS 11-01170-SC |

In re:                                              )     BAP No.   CC-11-1274-MkCaPa
                                                    )
CARLOS MAGANA LOPEZ and                             )     Bk. No.   RS 10-50387-SC
ROSE M. ZUNIGA,                                     )
                                                    )     Adv. No.   RS 11-01170-SC
                    Debtors.                        )
_____                 )
                                                    )
CARLOS MAGANA LOPEZ;                                 )
ROSA M. ZUNIGA,                                     )
                                                    )
                    Appellants,                     )
                                                    )
v.                                                  )     **MEMORANDUM**[*]
                                                    )
JPMORGAN CHASE BANK, N.A.;                           )
RANCHO HORIZON L.L.C.; QUALITY                       )
LOAN SERVICE CORP.,                                 )
                                                    )
                    Appellees.                      )
_____                 )

Argued and Submitted on January 19, 2012
at Pasadena, California

Filed - February 3, 2012

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Scott Clarkson, Bankruptcy Judge, Presiding

Appearances:     Appellants Carlos Lopez and Rosa Zuniga, in
                 propria persona, argued on their own behalf;
                 Thomas S. Van of Adorno Yoss Alvarado & Smith
                 argued on behalf of Appellee JPMorgan Chase Bank,
                 N.A.

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Before: MARKELL, CASE[**] and PAPPAS, Bankruptcy Judges.

## INTRODUCTION

Carlos Lopez and Rosa Zuniga (jointly, "Debtors") commenced an adversary proceeding challenging the prepetition nonjudicial foreclosure of their residence located in Riverside, California ("Property"). They also sought damages and injunctive relief. Two of the defendants filed motions to dismiss, which the bankruptcy court granted. Because the Debtors did not establish that they had standing to prosecute the claims they set forth in their complaint, we VACATE the bankruptcy court's order dismissing the adversary proceeding with prejudice, and REMAND for further proceedings.

## FACTS

In December 2007, the Debtors borrowed $215,000 ("Loan") from Washington Mutual Bank, FA ("WAMU"). In connection with the Loan, the Debtors executed a promissory note ("Note") and a deed of trust ("Deed of Trust"). The Deed of Trust identified WAMU as the lender and beneficiary and California Reconveyance Company ("CRC") as the trustee. It conveyed the Property to CRC as trustee, for security purposes.

As established by evidence to which to Debtors did not object, JPMorgan Chase Bank ("Chase") acquired most of WAMU's assets and liabilities in 2008 pursuant to a purchase and assumption agreement between Chase and the Federal Deposit Insurance Corporation.

---

[**]Hon. Charles G. Case II, U.S. Bankruptcy Judge for the District of Arizona, sitting by designation.

The Debtors admitted that they were experiencing financial troubles in 2009 and that, at some point, they stopped making timely, full payments in compliance with the original terms of their Loan. However, according to the Debtors, they only ceased making timely, full payments after Chase instructed them that, in order to qualify for the loan modification they were seeking, they needed to be late on their payments. Debtors further claimed that Chase provisionally approved modified payments in the amount of $1,100 pending Chase's completion of the loan modification approval process. The Debtors assert that they continued making payments in that $1,100 amount until Chase ceased accepting those payments in June or July 2010.

Notwithstanding the Debtors' alleged loan modification negotiations with Chase, and alleged payments to Chase, Chase commenced nonjudicial foreclosure proceedings against the Debtors in July 2009. Quality Loan Service ("QLS") executed and recorded a notice of default and election to sell on behalf of WAMU, Chase, or both, "As Agent For Beneficiary."

QLS subsequently recorded in October 2009 a notice of trustee's sale, and executed and recorded a trustee's deed upon sale ("Trustee's Deed"). The Trustee's Deed, which was recorded on December 8, 2010, in the official records of Riverside County, California, identified Rancho Horizon, LLC ("Rancho") as the grantee and as the successful bidder at a nonjudicial foreclosure sale held on November 16, 2010.

The Debtors filed their chapter 7[1] bankruptcy case on

---

[1]Unless specified otherwise, all chapter and section
(continued...)

3

December 16, 2010, and Karl T. Anderson ("Trustee") was appointed to serve as chapter 7 trustee. The Debtors listed the Property on their Schedule A of real property, but stated that the value of their interest therein was "$0.00" and that it had been foreclosed upon a month before, on November 16, 2010. The Debtors listed Chase on their Schedule D of secured creditors, and stated the amount of Chase's claim as $215,000, the full principal amount of the Loan. Debtors did not list or give any indication in their schedules or statement of financial affairs that they held any claims against Chase, QLS or Rancho.[2]

In March 2011, the Debtors commenced their adversary proceeding against Chase, QLS and Rancho. The Debtors asserted a claim for relief for wrongful foreclosure, two claims for declaratory relief, a quiet title claim, and a claim for injunctive relief. Among other things, Debtors alleged that Chase, QLS and WAMU did not have any of the requisite legal rights, authority or interests that would have entitled any of them to conduct foreclosure proceedings under California law. Consequently, the Debtors claimed, the foreclosure sale and the

[1](...continued)
references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2]We obtained copies of Debtors' schedules and statement of financial of affairs by accessing the bankruptcy court's electronic docket available on PACER. We can take judicial notice of the contents and filing of these documents. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n. 9 (9th Cir. BAP 2003) (citing O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir.1989)).

4

Trustee's Deed should be declared invalid, and the Debtors' interest in the Property should be recognized over any claim or interest of Chase, WAMU or Rancho.

Rancho and Chase filed separate motions to dismiss the Debtors' adversary proceeding, and the Debtors opposed the dismissal motions. The court granted Rancho's motion to dismiss on May 11, 2009. At the hearing, the Debtors conceded that they did not have enough money to tender the amount they owed in order to redeem the Property. Nor did the Debtors dispute that the foreclosure sale had occurred or that Rancho was the successful bidder at the foreclosure sale. Based on the Trustee's Deed, the court concluded that Rancho was a bona fide purchaser for value, and the court dismissed all of the Debtors' claims for relief as against Rancho with prejudice. According to the court, amendment of the claims would have been futile because, in pertinent part, the Debtors had not and could not allege tender of the full amount of the debt owed. With respect to the declaratory relief claims, the court concluded that they were redundant of the Debtors' other, invalid claims for relief. Finally, with respect to the claim for injunctive relief, the court pointed out that the foreclosure proceedings already had been completed, so there was no action for the court to enjoin.[3]

---

[3] The court refused to let co-plaintiff Rosa Zuniga speak at the hearing. The court based this refusal on the erroneous belief that Ms. Zuniga was not a named plaintiff in the complaint. To the contrary, the Debtors' complaint named both Mr. Lopez and Ms. Zuniga as plaintiffs, and both signed the complaint. In any event, in light of our disposition of this appeal, we conclude that the Debtors have not been prejudiced by the court's refusal.

The court heard Chase's motion to dismiss on May 18, 2011. At that hearing, the court granted Chase's motion for essentially the same reasons it had granted Rancho's dismissal motion. The court further ruled that the entire adversary proceeding would be dismissed with prejudice as to all named defendants (including QLS) (collectively, "Defendants").

The court entered its dismissal order on May 20, 2001, and the Debtors timely appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A), and we have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Did the bankruptcy court err when it considered the merits of the Debtors' claims for relief without first considering whether the Debtors had standing to prosecute those claims?

**STANDARD OF REVIEW**

Standing is a jurisdictional issue that we review de novo. Palmdale Hills Prop., LLC v. Lehman Commercial Paper, Inc. (In re Palmdale Hills Prop., LLC), 654 F.3d 868, 873 (9th Cir. 2011); Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 906 (9th Cir. BAP 2011).

**DISCUSSION – THE DEBTORS' STANDING**

Before any federal court considers the merits of a matter, the court must first determine whether the plaintiff has standing. "Standing is a 'threshold question in every federal case, determining the power of the court to entertain the suit.'" In re Veal, 450 B.R. at 906 (quoting Warth v. Seldin, 422 U.S.

6

490, 498 (1975)). Constitutional standing requires injury in fact, causation, and redressability. We do not doubt that the Debtors met the minimal standards for constitutional standing. The Debtors alleged that they were injured by the Defendants' foreclosure proceedings and related conduct, and that the Defendants' failure to comply with applicable law caused them injury. In addition, the relief the Debtors sought in their complaint, if granted, would have remedied their alleged injuries. Cf. In re Veal, 450 B.R. at 906.

However, in addition to constitutional standing, as one aspect of the prudential limitations on federal court jurisdiction, the Debtors also needed to demonstrate that they were asserting their own legal rights and not those belonging to others. Id. at 907 (citing Sprint Commc'ns Co., LP v. APCC Servs., Inc., 554 U.S. 269, 289 (2008)).[4]

Here, the Debtors sought in their adversary proceeding to pursue claims that accrued before they filed their bankruptcy case. Even though the Debtors did not list their claims in their

---

[4]Another aspect of prudential standing potentially implicated here is bankruptcy appellate standing, which requires an appellant to show that he or she has been "directly and adversely affected pecuniarily" by the bankruptcy court's decision. See In re Palmdale Hills Prop., LLC, 654 F.3d at 874. To meet this requirement, the appellant typically must demonstrate that the order on appeal diminished its property, increased its burdens, or detrimentally affected its rights. See Fondiller v. Robertson (In re Fondiller), 707 F.2d 441, 442 (9th Cir. 1983). On this record, the Debtors' potential residual interest in the estate's assets appears sufficient to establish that they were "persons aggrieved" by the bankruptcy court's dismissal order. Accordingly, we will not dispose of this appeal on bankruptcy appellate standing grounds.

7

bankruptcy schedules as assets, their claims became property of their bankruptcy estate. See § 541(a); McGuire v. United States, 550 F.3d 903, 914 (9th Cir. 2008); Rosner v. Worcester (In re Worcester), 811 F.2d 1224, 1228 (9th Cir. 1987); see also Goodwin v. Mickey Thompson Entm't Grp., Inc. (In re Mickey Thompson Entm't Grp., Inc.), 292 B.R. 415, 421 (9th Cir. BAP 2003) (identifying trustee's settlement of debtor's prepetition causes of action against third party as a sale of estate property).

The Trustee had the authority and duty to "collect and reduce to money" all property of the estate, including the Debtors' claims. § 704(a)(1). Furthermore, unless and until the Trustee abandoned them, the Debtors' unscheduled claims continued to be property of the estate. See § 554(c) & (d); Cusano v. Klein, 264 F.3d 936, 945-46 (9th Cir. 2001). The Bankruptcy Code designates the trustee as the estate's representative and authorizes the trustee to sue and be sued in that capacity. § 323; Spirtos v. One San Bernardino County Super. Ct. Case (In re Spirtos), 443 F.3d 1172, 1175 (9th Cir. 2006). Thus, generally speaking, only the trustee has standing to prosecute claims for relief that are estate property. McGuire, 550 F.3d at 914; In re Spirtos, 443 F.3d at 1175-76; see also, Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 352-53 (1985); Hansen v. Finn (In re Curry & Sorensen, Inc.), 57 B.R. 824, 828-29 & n. 4 (9th Cir. BAP 1986) (dismissing complaint without prejudice based on plaintiff's lack of standing).

In sum, the bankruptcy court erred in addressing the merits of the Debtors' claims for relief without first determining whether the Debtors had standing to pursue those claims on behalf

8

of the estate. The Debtors did not schedule their claims against the Defendants, so those claims remained property of the estate and only could be prosecuted by the Trustee, unless the Trustee abandoned them.

## CONCLUSION

Because the bankruptcy court did not determine whether the Debtors had standing to prosecute their adversary proceeding, we VACATE the bankruptcy court's order dismissing the adversary proceeding with prejudice, and REMAND for further proceedings.